**MARINE PRODUCTS EXPORT CORPORATION, Plaintiff–Appellant,**

v.

**M.T. GLOBE GALAXY, her engines, boilers, tackle, etc.; Globe Transport & Trading Company, Ltd., Defendants–Appellees.**

No. 1750, Docket 92–7288.

United States Court of Appeals, Second Circuit.

Argued June 19, 1992.

Decided Oct. 8, 1992.

George F. Chandler, III, New York City (Frances C. Peters, Hill, Rivkins, Loesberg, O'Brien, Mulroy & Hayden, on the brief), for plaintiff-appellant.

Peter J. Gutowski, New York City (Freehill, Hogan & Mahar, on the brief), for defendants-appellees.

Before MESKILL, Chief Judge *, KEARSE and MINER, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiff Marine Products Export Corporation ("Marine") appeals from an order of the United States District Court for the Southern District of New York, Charles S. Haight, Jr., *Judge,* denying Marine's motion to vacate an award to defendant Globe Transport & Trading Company, Ltd. ("Globe"), by a panel of arbitrators chosen by the parties pursuant to a 1987 order of the district court following the death of a member of the original arbitration panel. On appeal, Marine principally challenges the 1987 order requiring the parties to choose a new panel rather than simply to replace the deceased member. We reject Marine's challenges and affirm the judgment of the district court.

## I. BACKGROUND

In 1980, Marine chartered a vessel owned by Globe to transport Marine's fish oil from New Orleans to Rotterdam. Following that voyage, Marine contended that the load of fish oil delivered in Rotterdam was short by more than 100 metric tons, and in 1982 it commenced arbitration proceedings pursuant to a paragraph of the charter party providing that

[a]ny dispute arising from the making, performance or termination of this Charter Party shall be settled in New York, Owner and Charterer each appointing an arbitrator, who shall be a merchant, broker or individual experienced in the shipping business; the two thus chosen, if they cannot agree, shall nominate a third arbitrator who shall be an Admiralty lawyer. Such arbitration shall be conducted in conformity with the provisions and

procedure of the United States Arbitration Act [9 U.S.C. §§ 1 *et seq.* (1988)], and a judgment of the Court shall be entered upon any award made by said arbitrator.

Globe chose Joseph Simms as its arbitrator; Marine chose Wray H. Jones. These two arbitrators agreed at the outset to select a third arbitrator, Jack Berg, despite the fact that no disagreement had yet arisen between them. Berg was thereby empowered to hear evidence from the start and to vote even absent a deadlock. While this procedure differed slightly from that provided for by the charter party, it was eventually endorsed by both parties in writing in February 1984.

Following selection of the arbitrators, an evidentiary hearing was held in April 1983, at which testimony was given by the vessel's captain, and documents were submitted. Between that date and July 10, 1984, the panel issued at least two interlocutory orders relating to discovery. At some point after July 10, 1984, however, and prior to any further hearings or to any final decision, Simms died. Globe thereafter moved in the district court for an order directing that the arbitration be begun anew, with each party selecting a new arbitrator. Marine opposed the motion, urging that Globe be required simply to replace Simms so that the proceedings could continue from the point of interruption.

In a Memorandum Opinion and Order dated January 23, 1987 ("1987 Decision"), the district court granted Globe's motion and ordered that the parties make new appointments of arbitrators and that the arbitration proceedings be started afresh and proceed "under the terms and conditions of the arbitration agreement." 1987 Decision at 6. Following Marine's unsuccessful attempt to appeal this order, new arbitration appointments were made. Marine reappointed Jones, and Globe selected Alexis Nichols. These two arbitrators did not initially select a third arbitrator. Ultimately, however, they were unable to reach

* Judge Meskill became Chief Judge on July 1, 1992.

agreement and chose a third arbitrator, Richard B. Teiman, to break the deadlock.

In April 1991, by a 2–1 vote with Jones dissenting, the arbitrators issued an award in favor of Globe. Marine moved in the district court for an order vacating the award on the principal ground that, in light of this Court's then-recent decision in *Trade & Transport, Inc. v. Natural Petroleum Charterers Inc.*, 931 F.2d 191 (2d Cir.1991) (*"Trade & Transport"*), the district court's 1987 Decision ordering the recommencement of the arbitration proceedings before a new panel exceeded the district court's authority. Marine sought an order reinstating the two surviving original arbitrators, with Globe to appoint one new arbitrator, and requiring the dispute to be resolved by that panel.

In a Memorandum Opinion and Order dated February 5, 1992 ("1992 Decision"), the district court rejected Marine's arguments and denied the motion, ruling that *Trade & Transport* had not altered the general rule that upon the death of a member of an arbitration panel the arbitration should begin anew before a new panel. This appeal followed.

## II. DISCUSSION

On appeal, Marine principally pursues its contention, relying on *Trade & Transport,* that the district court exceeded its authority in requiring the parties to begin the arbitration process anew after the death of Simms. We disagree.

As this Court observed in *Trade & Transport,* the general rule is that

> where one member of a three-person arbitration panel dies before the rendering of an award and the arbitration agreement does not anticipate that circumstance, the arbitration must commence anew with a full panel.

931 F.2d at 194 (citing, *inter alia, CIA De Navegacion Omsil, S.A. v. Hugo Neu Corp.*, 359 F.Supp. 898, 899 (S.D.N.Y.1973); Annotation, *Effect of vacancy through resignation, withdrawal, or death of one of multiple arbitrators on authority of remaining arbitrators to render award,* 49 A.L.R.2d 900, 903–05 (1956)); *see also* 9 U.S.C. § 5 (1988) (providing federal courts with power, upon the application of either party, to designate arbitrators "as the case may require").

In the present case, Simms died prior to the panel's rendering of any award. Neither the charter party nor the February 1984 agreement submitting the controversy to the original panel made any provision for the filling of a vacancy caused by the death of one of the arbitrators. Absent any special circumstances, therefore, the general rule should apply here.

In *Trade & Transport,* we concluded that the general rule was not controlling because of the special circumstances of that case. There, the parties had asked the original panel to issue a prompt partial final decision as to liability, and the panel complied. Following the partial final decision, one of the arbitrators died. We affirmed the district court's ruling that that event did not revive the question that the panel, pursuant to the parties' agreement, had already finally decided. Upon the rendering of the requested partial decision, the liability question was no longer pending, that decision was final, and the panel was without power to revisit that question. Accordingly, we rejected the appellant's contention that, in accordance with the general rule, an entirely new panel should be chosen and the arbitration of all issues should commence anew. That rule, in light of the parties' agreement, simply was not applicable.

In this case, unlike *Trade & Transport,* the original panel had not rendered a final decision on any question prior to the death of a member of the panel. Nor were there any other circumstances indicating that there should be a deviation from the general rule. As the vacancy here occurred *in medias res* without any agreement by the parties as to the consequences of the vacancy and without any special circumstances, the district court properly ruled in its 1987 and 1992 Decisions that the general rule was applicable.

## CONCLUSION

We have considered all of Marine's contentions on this appeal and have found

them to be without merit. The order of the district court is affirmed.