# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4027

_____

Hugs & Kisses, Inc., a Minnesota    *
corporation,    *
   *
     Plaintiff - Appellee,    *
   *
     v.    *
   *
Mario H. Aguirre, an individual; Intexa,    *
S.A. de C.V., a Mexican corporation;    *
Mina Group, a Mexican business    *
organization,    *
   *
     Defendants - Appellants.    *


_____

No. 98-4028

_____

Appeals from the United States
District Court for the
District of Minnesota.

Hugs & Kisses, Inc., a Minnesota    *
corporation,    *
   *
     Plaintiff - Appellant,    *
   *
     v.    *
   *
Mario H. Aguirre, an individual; Intexa,    *
S.A. de C.V., a Mexican corporation;    *
Mina Group, a Mexican business    *
organization,    *
   *

Defendants - Appellees.                    *

_____

Submitted:  February 14, 2000

Filed:  August 11, 2000

_____

Before BEAM and JOHN R. GIBSON, Circuit Judges, and PRATT,[*] District Judge.

_____

JOHN R. GIBSON, Circuit Judge.

Mario H. Aguirre (a resident of Mexico), Intexa, S.A. de C.V. (a Mexican corporation), and the Mina Group (a Mexican business organization) appeal from the district court's confirmation of an arbitration award entered in favor of Plaintiff Hugs & Kisses, Inc.[1]  Appellants contend that the arbitration award should be vacated, because there was no consent to the arbitrator.  Hugs & Kisses cross-appeals, arguing that the court should have postponed confirmation of the portion of the arbitration award denying it lost profits damages.  Because we conclude the arbitrator exceeded his powers, we order the district court to vacate the arbitration award pursuant to 9 U.S.C. § 10(a)(4) (1994) and conduct further proceedings consistent with this opinion.

_____

[*]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

[1]The district judge adopted the magistrate judge's Report and Recommendation confirming the award.

The relevant facts are not in dispute. Aguirre entered into an agreement dated October 6, 1993 to manufacture children's clothing for Hugs & Kisses in Mexico.[2] The contract contained the following language regarding resolution of disputes:

> 17. The law of the United States of America, State of Minnesota shall govern the Agreement. . . . This agreement shall be specifically enforceable in any court of general jurisdiction in Hennepin County, Minnesota, USA.
>
> .   .   .
>
> All parties agree not to sue or bring to arbitration any other for any breach or alleged breach of the Agreement, until the aggrieved party has notified the other party in writing, specifying in detail the breach alleged to have occurred. The aggrieved party shall name at least one representative, fully authorized to settle in all respects, available to the other party for at least two (2) full hours at a reasonable time within three (3) weeks of the date of the notice, at the request of the other party. If the parties shall not have settled their differences within sixty (60) days after the notice is given, the aggrieved party may then, and only then, bring an action in arbitration.

Eventually, each side accused the other of breaching the agreement. Hugs & Kisses claimed that Aguirre failed to timely manufacture clothing from the fabric it sent to Mexico. Aguirre asserted that Hugs & Kisses had not sent the quantities of cloth agreed upon, which made it unfeasible for Aguirre to perform. Hugs & Kisses filed a complaint in district court, and appellants moved to stay the proceedings pending arbitration.[3]

---

[2]The agreement does not mention Intexa, S.A. de C.V., and mentions the Mina Group only as part of Aguirre's address.

[3]The complaint names not only Aguirre but also Intexa, S.A. de C.V., and the Mina Group as defendants. Pleadings, including a stipulation, were filed by lawyers

In accordance with the parties' stipulation, the court stayed the litigation "pending the parties' arbitration and/or mediation of their disputes in accordance with the terms of their Agreement . . . ." The stipulation provided, "The parties shall negotiate in a good faith effort to reach an agreement on (a) the arbitrator who shall preside over their arbitration, (b) the date, time, and location of their arbitration, and (c) all other procedural matters concerning their arbitration." Pursuant to the stipulation, the court scheduled two settlement conferences. However, Aguirre was unable to appear for either conference, which he explains was due to his need to be with his wife as she fought cancer. He contends that he was available to attend via teleconference, but that the court was unwilling to make that allowance. The court then issued a pretrial schedule, ordering the parties to complete arbitration by April 1, 1998, but also ordering them to be ready for trial no later than January 1, 1999.

On February 26, 1998, Hugs & Kisses informed Aguirre by letter that it had filed an arbitration claim against him with the National Arbitration Forum. Aguirre replied in a letter of March 31, 1998, stating that he was outraged by "the ridiculous accusations" and that it was his "intention not to spend money to defend against such . . . charges." Hugs & Kisses proceeded to arbitrate the dispute before the Forum in Aguirre's absence, and an award was entered against appellants. Hugs & Kisses then petitioned the district court to confirm the award, which it did by order of October 19, 1998. Appellants ask that the arbitration award be vacated. Hugs & Kisses cross-appeals, claiming the district court erred in failing to postpone confirmation of that part of the arbitration award denying Hugs & Kisses lost profit damages.

---

as "Attorneys for Defendants." Aguirre stated in an affidavit that he was an officer and shareholder in Intexa and that Mina Group was not a legal entity but was a name he used to do business. The parties have not made an issue of these organizational niceties, and we need say no more.

"We review a district court's judgment on a motion to vacate, modify, or confirm an arbitration award under familiar standards, accepting findings of fact that are not clearly erroneous and deciding questions of law de novo." UHC Management Co. v. Computer Sciences Corp., 148 F.3d 992, 998 (8th Cir. 1998) (citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 947-48 (1995)).

The district court summarily affirmed the magistrate judge's Report and Recommendation, which reasoned as follows:

> The Defendants had an opportunity to participate in the choice of an arbitrator. The Plaintiff informed the Defendants via letter on February 26, 1998 that it submitted the matter to the NAF for arbitration. The Defendants had the opportunity to object to the choice of arbitrator at that point in the proceedings. Instead of objecting to the choice of arbitrator and the conditions of the arbitration and offering an alternative, the Defendants instead stated that they no longer intended to defend against the plaintiff's allegations. By refusing to cooperate in selecting an arbitrator, the Defendants waived their right to object to the arbitrator chosen by the Plaintiff.

(citations to record omitted). Our decision in Food Handlers Local 425, Amalgamated Meat Cutters v. Pluss Poultry, Inc., 260 F.2d 835 (8th Cir. 1958), convinces us that the arbitration award is void as a matter of law.

In Food Handlers, a labor union obtained an ex parte arbitration award against the defendant company. See id. at 836-37. The parties' collective bargaining agreement stated that in the event a dispute could not be resolved through a specified grievance procedure, either party could request that it be submitted to a Board of Arbitrators, consisting of three arbitrators. See id. at 836. Each party was to select an arbitrator, and those two arbitrators were to select a third. See id. The union selected an arbitrator, but the company refused to do so. See id. at 837. Thereafter, the Federal Mediation and Conciliation Service chose an arbitrator who arbitrated the dispute

without the company's participation. See id. In affirming the district court's dismissal of the union's action to confirm the award, we stated that "[t]here was no basis to conclude that the company ever consented to any arbitration of disputes where it took no part in the selection of any arbitrator," and concluded that "[t]he award was therefore void and unenforceable." Id. In the case before us, appellants only consented to arbitration where both sides negotiated in good faith regarding the choice of arbitrator. Since there is nothing to indicate that appellants consented to arbitration where Hugs & Kisses unilaterally chose the arbitrator, the award in favor of Hugs & Kisses is also void. Food Handlers teaches that upon Aguirre's failure to select an arbitrator, Hugs & Kisses' proper course was to attempt to reach agreement with appellants as to the arbitrator, and, that failing, to move the district court to compel arbitration under 9 U.S.C. § 4 (1994). See Food Handlers, 260 F.2d at 837-38. Section 5 requires the court, upon application of either party, to "designate and appoint an arbitrator" where a party has failed to adhere to the method provided in the parties' agreement. 9 U.S.C. § 5 (1994).

More recent cases are fully in accord with Food Handlers and our decision. In Val-U Construction Co. v. Rosebud Sioux Tribe, 146 F.3d 573, 575 (8th Cir. 1998), we upheld an arbitration award even though one party did not participate in the arbitration. We distinguished Food Handlers, finding that the parties' arbitration agreement incorporated American Arbitration Association rules that allowed an arbitration hearing to proceed in a party's absence if that party is given notice of the hearing and an opportunity to have it postponed. See Val-U Constr., 146 F.3d at 579. Here, the parties adopted no such rules, so the case before us cannot be distinguished from Food Handlers on that ground. Similarly, other circuits have held that arbitrators are without authority where they are not chosen as provided in the parties' arbitration agreement. See R.J. O'Brien & Assocs., Inc. v. Pipkin, 64 F.3d 257, 263 (7th Cir. 1995) (arbitrator must be chosen in conformance with procedure in parties' agreement to arbitrate, as arbitrator's powers are derived from that agreement; here, selection conformed to agreement); Cargill Rice, Inc. v. Empresa Nicaraguense Dealimentos

Basicos, 25 F.3d 223, 225-26 (4th Cir. 1994) (if parties' method of choosing arbitrators not followed, award must be vacated); Szuts v. Dean Witter Reynolds, Inc., 931 F.2d 830, 831 (11th Cir. 1991) (power and authority of arbitrators is dependent on provisions of arbitration agreement); Avis Rent A Car Sys., Inc. v. Garage Employees Union, Local 272, 791 F.2d 22, 25-26 (2d Cir. 1986) (arbitrator not appointed as arbitration agreement required had no authority). Because the arbitrator in the present case exceeded his authority, his decision must be vacated under 9 U.S.C. § 10(a)(4).

The district court nevertheless found that appellants waived the right to participate in selecting an arbitrator. We find no support in any statutes or case law for this proposition. The case is indistinguishable from Food Handlers, where the party challenging the arbitration award simply refused to select an arbitrator to serve on a three-arbitrator panel, though the parties' agreement required it to do so. See Food Handlers, 260 F.2d at 837. Regardless of whether Aguirre breached the agreement with Hugs & Kisses by failing to make a good faith effort to agree with Hugs & Kisses on the arbitrator who would preside over their arbitration, appellants did not consent to arbitration before an arbitrator unilaterally chosen by Hugs & Kisses.

"[A]rbitration is a matter of consent, not of coercion." Keymer v. Management Recruiters Int'l, Inc., 169 F.3d 501, 504 (8th Cir. 1999). Because appellants did not agree on the arbitrator or give Hugs & Kisses the power to unilaterally choose one, the award must fall. Hugs & Kisses' cross appeal is therefore moot. The district court is ordered to vacate the award and conduct further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-