# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1992

_____

| | | |
|---|---|---|
| National American Insurance Company, | * * * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Transamerica Occidental Life Insurance Company, | * * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 11, 2002

Filed:  May 13, 2003

_____

Before WOLLMAN, HEANEY, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

During the course of arbitration between National American Insurance Company ("NAICO") and Transamerica Occidental Life Insurance Company ("Transamerica"), one member of the three-member arbitration panel resigned. When the parties could not agree on a replacement process, NAICO filed suit in district court pursuant to 9 U.S.C. § 5 seeking a court-appointed replacement. Transamerica

counterclaimed that NAICO had waived the right to arbitrate because the disputed contract was the subject of a prior arbitration. The district court[1] appointed an arbitrator and declined to rule on Transamerica's counterclaim, concluding the issue of waiver should be decided by the arbitration panel. Transamerica appeals and we affirm.

This dispute arose out of two separate reinsurance contracts between Transamerica and NAICO. Both contracts were effective April 1, 1990, and contained an arbitration clause governing the selection of arbitrators:

> As a precedent to any right of action hereunder, if any dispute shall arise between the Reinsured and the Reinsurers with reference to the interpretation of this Agreement or their rights with respect to any transaction involved, whether such dispute arises before or after termination of this Agreement, such dispute, upon the written request of either party, shall be submitted to three arbitrators, one to be chosen by each party, and the third by the two so chosen. If either party refuses or neglects to appoint an arbitrator within thirty (30) days after the receipt of written notice from the other party requesting it to do so, the requesting party may appoint two arbitrators. If the two arbitrators fail to agree in the selection of a third arbitrator within thirty (30) days of their appointment, each of them shall name two, of whom the other shall decline one and the decision shall be made by drawing lots. All arbitrators shall be active or retired executive officers of insurance or reinsurance companies not under the control of either party to the Agreement.

On March 12, 1999, NAICO sent Transamerica a letter requesting arbitration of a pending dispute between the two parties and naming its chosen arbitrator. Transamerica responded by letter of April 11, 1999, naming an arbitrator. The two

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

-2-

appointed arbitrators named a third arbitrator. The panel met on January 6, 2000, and established a discovery schedule. During the next year the panel presided over discovery proceedings between the parties and issued discovery-related orders, including awarding reasonable attorney fees to NAICO because Transamerica failed to comply with a discovery order. On December 12, 2000, the arbitrator designated by Transamerica resigned for health reasons. NAICO requested that Transamerica appoint another arbitrator to fill the vacancy. Transamerica responded with the demand that a new panel of arbitrators be appointed.

Pursuant to 9 U.S.C. § 5, NAICO sought a district court order naming an arbitrator to fill the vacancy left by the resignation. Despite the fact that the parties had been actively arbitrating their dispute for over a year before the vacancy arose, Transamerica argued before the district court that NAICO had waived the right to arbitrate because the 1990 reinsurance contracts were the subject of prior arbitration. This allegation was based on the fact that NAICO engaged in arbitration with three other insurance companies in 1994 concerning four reinsurance contracts, two of which involved Transamerica and are the subject of the present dispute. A magistrate judge[2] recommended that a replacement arbitrator be appointed and that the waiver issue be decided by the arbitration panel. The district court adopted the magistrate judge's report and recommendation in its entirety. With regard to appointing an arbitrator, the district court stated:

> This court finds and concludes that in accordance with the arbitration clause requirements, one new arbitrator shall be designated and appointed to serve the remainder of the term of the resigning member of the panel. To form an entirely new panel of arbitrators and to start the proceedings anew would cause inappropriate delay and waste resources. The discovery proceedings have progressed for over a year. The parties

---

[2]The Honorable Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska.

have spent a substantial amount of their resources on this process. In the event the new member of the panel appears to be at a disadvantage because of his later arrival, the new panel, consisting of the two existing members and the newly appointed member, can determine the proper course of action to resolve the problem. Accordingly, this court agrees with Magistrate Judge Thalken's recommendation to fill the vacancy with the arbitrator suggested by Transamerica . . . .

District Court Order, March 11, 2002, at 4-5.

In this appeal, Transamerica makes two distinct arguments. First, that the district court was not statutorily authorized to appoint a replacement arbitrator. And second, Transamerica contends that NAICO waived its right to arbitrate the dispute.

We agree with the district court's interpretation of the 1990 arbitration agreements. As correctly noted by the district court, the 1990 agreements do not stipulate a method to replace an arbitrator in the event of a vacancy on the arbitration panel. Because the agreements are silent on this issue, this dispute is governed by 9 U.S.C. § 5, which provides:

If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; *but if no method be provided therein*, or if a method be provided and any party thereto shall fail to avail himself of such method, *or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy*, *then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require*, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

9 U.S.C. § 5 (emphasis added). See also Marine Prod. Export Corp. v. M.T. Globe

Galaxy, 977 F.2d 66, 68 (2d Cir. 1992) (noting that 9 U.S.C. § 5 "provid[es] federal courts with [the] power, upon the application of either party, to designate arbitrators 'as the case may require.'").

Transamerica relies on Hugs & Kisses, Inc. v. Aguirre, 220 F.3d 890 (8th Cir. 2000), to argue that NAICO was obligated to bring a motion to compel arbitration under 9 U.S.C. § 4 before the district court was empowered to act under Section 5. We disagree. In Hugs & Kisses, the parties entered a contract that contained a clause governing the resolution of disputes. Id. at 891. Each side accused the other of breaching the agreement. Id. Hugs & Kisses filed a complaint in district court and Aguirre moved to stay the proceedings pending arbitration. Id. at 891-92. The parties stipulated that they would negotiate in good faith to reach an agreement on an arbitrator to preside over the dispute. Id. at 892. In accordance with this stipulation, the district court stayed the litigation. Id. Hugs & Kisses pursued the arbitration, but Aguirre refused to arbitrate and would not participate in naming an arbitrator. Id. Hugs & Kisses unilaterally appointed an arbitrator and proceeded to arbitrate the dispute before the National Arbitration Forum in Aguirre's absence where an award was entered in favor of Hugs & Kisses. Id. The district court confirmed the arbitrator's decision and Aguirre appealed. Id. We reversed, concluding that Aguirre only consented to arbitration where both sides negotiated in good faith regarding the choice of an arbitrator, not where Hugs & Kisses acted unilaterally throughout the process. Id. at 893. Therefore, the award was void and the decision of the arbitrator was vacated because the arbitrator exceeded his authority. Id. We stated: "[Precedent] teaches that upon Aguirre's failure to select an arbitrator, Hugs & Kisses' proper course was to attempt to reach agreement with appellants as to the arbitrator, and, that failing, to move the district court to compel arbitration under 9 U.S.C. § 4 (1994)." Id. at 893 (citation omitted).

The sequence of events leading to suit in this case is significantly distinguishable from that in Hugs & Kisses and renders that case inapposite. Hugs

& Kisses involved one party unilaterally choosing an arbitrator and proceeding with arbitration when the parties had agreed to negotiate in good faith over the choice of an arbitrator. Had Transamerica refused to arbitrate the dispute at the outset, then Hugs & Kisses would have been applicable and NAICO's proper remedy would have been an action under Section 4 of the Federal Arbitration Act. See id. at 893. Here, however, NAICO and Transamerica each selected one arbitrator, and each party had input, through its chosen arbitrator, in selecting a third, neutral arbitrator. Furthermore, the parties engaged in active discovery for over a year under the supervision of the previous panel which issued numerous discovery orders in the matter. Given this history, Transamerica cannot now use the resignation of its chosen arbitrator to abort the arbitration process.

Transamerica directs this court to decisions of other circuits that purportedly support its position that a new panel of arbitrators be chosen when a panel member resigns. See Marine Products Export Corp. v. M.T. Globe Galaxy, 977 F.2d 66 (2d Cir. 1992). In Marine Products, the Second Circuit affirmed the district court's decision to start the arbitration process over with a new panel after one of the panel members died prior to issuing an award. Id. at 68. In reaching that conclusion, the Second Circuit cited the "general rule" that "where one member of a three-person arbitration panel dies before the rendering of an award and the arbitration agreement does not anticipate that circumstance, the arbitration must commence anew with a full panel." Id.

Transamerica's reliance on Marine Products is misplaced. Marine Products involved an appeal of the denial of a motion to vacate an award, not a Section 5 action seeking the replacement of an arbitrator. Thus, the procedural posture of this case is therefore materially different. In addition, this circuit has not adopted the "general rule" cited in Marine Products and we decline to do so here given the procedural context of the case. But see Trade & Transport, Inc. v. Natural Petroleum Charterers Inc., 921 F.2d 191, 196 (2d Cir. 1991) (holding Section 5 applies to a

pending arbitration and confers the court with the authority to appoint a replacement arbitrator to an arbitration panel when one member died, and concluding that naming a replacement arbitrator did not give the party the right to replace the existing neutral arbitrator). For this court to accept Transamerica's position and force the parties to name an entirely new panel would vitiate Section 5.

Finally, Transamerica contends that NAICO has waived the right to arbitrate because NAICO pursued litigation in the Oklahoma courts on reinsurance contracts to which Transamerica is a party. However, the United States Supreme Court has recently reiterated that "the presumption is that the arbitrator should decide 'allegation[s] of waiver, delay, or a like defense to arbitrability.'" Howsam v. Dean Witter Reynolds, Inc., — U.S. — , — (2002) (quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)). Therefore, once the panel is reconstituted with the arbitrator appointed by district court, the issue of waiver may be presented for the panel's consideration.

Accordingly, the decision of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.