**SUCCESS VILLAGE APARTMENTS, INC. Plaintiff**

v.

**AMALGAMATED LOCAL 376, INTERNATIONAL UNION UNITED AUTOMOBILE AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, Defendant.**

**No. CIV.A. 3–03–CV–1466J.**

United States District Court,
D. Connecticut.

Feb. 15, 2005.

John Gerard Stretton, Edwards & Angell, Stamford, CT, for Plaintiff.

Thomas W. Meiklejohn, Livingston, Adler, Pulda, Meiklejohn & Kelly, Hartford, CT, for Defendants.

## RULING RE: MOTIONS FOR SUMMARY JUDGMENT

HALL, District Judge.

The plaintiff, Success Village Apartments, Inc. ("Success Village"), initiated this action in Superior Court, Judicial District of Fairfield to vacate an arbitration award in favor of the defendant, Amalgam-

ated Local 376 (the "Union"). [Dkt. No. 1]. The Union removed the action to federal court pursuant to sections 1441 and 1446 of Title 28 of the United States Code. [Dkt. No. 1].

Both parties have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Def.'s Mot. for Summ. J. [Dkt. No. 17]; Pl.'s Mot. for Summ. J. [Dkt. No. 19].

## I. STANDARD OF REVIEW

In a motion for summary judgement, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgement as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *White v. ABCO Engineering Corp.*, 221 F.3d 293, 300 (2d Cir.2000). The burden of showing that no genuine factual dispute exists rests upon the moving party. *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 133 (2d Cir.2000) (*citing Gallo v. Prudential Residential Servs., Ltd. Partnership*, 22 F.3d 1219, 1223 (2d Cir.1994)). Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505, and present such evidence as would allow a jury to find in his favor. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir.2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgement is sought. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505; *Graham*, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." *Carlton*, 202 F.3d at 134. "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. *Sologub v. City of New York*, 202 F.3d 175, 178 (2d Cir.2000).

## II. FACTS

Nearly all facts are admitted by both parties. The Union represents, for purposes of collective bargaining, employees of a housing complex owned by Success Village. The Union and Success Village are parties to a collective bargaining agreement (the "agreement"). The agreement provides for a grievance procedure for "final and binding arbitration" of grievances that arise between the Union or an employee and Success Village. On May 22, 2002, a tri-partite arbitrator panel appointed by the Connecticut State Board of Mediation and Arbitration ("CSBMA") convened a hearing on one such grievance, Case # 2002–A–0516. The panel's three members were David J. Dunn, representing management, Domenic J. Fiorini, representing labor, and Susan E. Halperin, who served as the panel's neutral chair. They were charged by the parties with determining whether Success Village "violate[d] the Collective Bargaining Agreement, more specifically Article 1, Section 2, by utilizing non-bargaining unit employees on or about October 16, 2001?" and, if necessary, crafting an appropriate remedy if such violation was determined to have occurred. Def.'s Revised Rule 56(a)(1) Statement [Dkt. No. 23] at ¶ 11; *accord* Pl.'s Local Rule 56(a)(2) Statement [Dkt. No. 30] at ¶ 11.

On July 11, an arbitration award was issued in favor of the Union. The memorandum accompanying the award specifically provided that "MR. FIORINI WAS PRESENT AT THE EXECUTIVE SESSION TO REACH THE DECISION ON THE ISSUE." Arbitration Award, Case No.2002–A–0516 [Dkt. No. 20, Ex. C]. Mr.

Fiorini had passed away prior to issuance of the award and, therefore, did not sign the award. Ms. Halperin, who had found in favor of labor, and Mr. Dunn, who dissented from the award, both signed the award.

## III. DISCUSSION

The State Board of Mediation and Arbitration makes arbitration services available to employers and employee organizations. Conn. Agencies Regs. § 31–91–22 (2004). Where a tripartite panel of three board members is used to arbitrate a dispute, "the employer and employee organization may select their advocate member from the appropriate permanent advocate members of the board, who will represent their interests on the panel." Conn. Agencies Regs. § 31–91–28 (2004). The third member of the panel is the public member and serves as the panel's chairman. *Id.* "All the arbitrators to an arbitration matter shall meet and act together during the hearing. A majority may determine any question." Conn. Gen.Stat. § 52–414(a). Regulations provide that "[d]ecisions shall be made by majority vote of the panel members." Conn. Agencies Regs. § 31–91–45(c) (2004). Furthermore, awards must "be reduced to writing and signed by the members of the panel." Conn. Agencies Regs. § 31–91–45(b) (2004). "The award shall be in writing and signed by the arbitrator or arbitrators, or a majority of them, or by the umpire." Conn. Gen. Stat. § 52–416(b).

■ The Second Circuit has held that "[t]he general rule is that where one member of a three-person arbitration panel dies before the rendering of an award and the arbitration agreement does not anticipate that circumstance, the arbitration must commence anew with a full panel." *Marine Products Export Corp. v. M.T. Globe Galaxy*, 977 F.2d 66, 68 (2d Cir. 1992), *citing Trade & Transport, Inc. v.*

*Natural Petroleum Charterers Inc.*, 931 F.2d 191, 194 (2d Cir.1991). The general rule, based on the importance of the arbitrators consulting with one another, must be considered alongside other basic principles regarding arbitration. *See Trade & Transport, Inc.*, 931 F.2d at 194. One of these principles is that "once arbitrators have finally decided the submitted issues, they are, in common-law parlance, 'functus officio,' meaning that their authority over those questions is ended." *Id.*

■ While it is clear that Mr. Fiorini died prior to issuance of the written award, it appears that he died only after the panel heard all evidence and argument, discussed the issue, and reached a final decision on the submitted issues. *See* Arbitration Award, Case No.2002–A–0516 [Dkt. No. 20, Ex. C]. Under these circumstances, the general rule applied under *Marine Products* is simply not relevant. Here, the arbitration panel "finally decided the submitted issues." *Trade & Transport, Inc.*, 931 F.2d at 194. There is no reason to vacate the award. The same Annotation cited by the Second Circuit in *Marine Products* and *Trade & Transport* supports such a conclusion. "If, however, the death of one of the arbitrators takes place after the close of the hearings and after all the arbitrators have consulted with each other, but before an award has been made, the remaining arbitrators in all probability retain their authority to make a valid award." Annotation, *Effect of vacancy through resignation, withdrawal, or death of one of multiple arbitrators on authority of remaining arbitrators to render award,* 49 A.L.R.2d 900, at § 5 (1956). Furthermore, as is required under state law, the decision was reached by a majority vote of the panel members. Conn. Agencies Regs. § 31–91–45(c).

While it was "reduced to writing," it could be argued that it was not "signed by

the members of the panel." Conn. Agencies Regs. § 31–91–45(b) (2004). It was, however, signed by a majority. *See* Conn. Gen.Stat. § 52–414(a); Conn. Agencies Regs. § 31–91–45(c) (2004). The plaintiff has not come forward with any evidence that the deceased member of the panel did not meet and deliberate with the panel's other two members to reach a final majority decision.[1] Such meeting and deliberation, ending in a majority decision, rendered the arbitrators "functus officio." Their authority over the submitted question ended.

## IV. CONCLUSION

Accordingly, the defendant's Motion for Summary Judgment [Dkt. No. 17] is GRANTED and the plaintiff's Motion for Summary Judgment [Dkt. No. 19] is DENIED.

**SO ORDERED.**

---

1. In the absence of any such evidence and in consideration of the undisputed fact that the dissenting panel member signed the decision, the court concludes that Mr. Dunn's signature indicates that he dissented from, but not that he objected to, the issuance of the award.