

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2005

# Latuszewski v. Valic Fin Advisors

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1324

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Latuszewski v. Valic Fin Advisors" (2005). *2005 Decisions.* Paper 1040.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1040

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

NOS. 04-1324, 04-1435, 04-2776

———————

GARY LATUSZEWSKI; JAMES ROGAN; REED BIGHAM
     Appellants in No. 04-1324 and No. 04-2776

v.

VALIC FINANCIAL ADVISORS, INC.

———————

GARY LATUSZEWSKI; JAMES ROGAN; REED BIGHAM

v.

VALIC FINANCIAL ADVISORS, INC.;
THE VARIABLE ANNUITY LIFE INSURANCE COMPANY,
     Appellants in No. 04-1435

———————

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civil Action No. 03-cv-00540)
District Judge:  Hon. Gary L. Lancaster

———————

Argued April 22, 2005

BEFORE:  ROTH, FUENTES and STAPLETON,
Circuit Judges

(Filed: June 9, 2005 )

———————

Michael J. Betts (Argued)
Paul J. Atencio
363 Freeport Road
Pittsburgh, PA 15238
  Attorneys for Appellants in Nos. 04-1324 and 04-2776

Mary J. Hackett
Joseph F. Rodkey, Jr.
Christopher J. Soller
Reed Smith
435 Sixth Avenue
Pittsburgh, PA 15219
  and
Sean Connelly (Argued)
Larry S. Pozner
Anthony L. Giacomini
Hoffman, Reilly, Pozner & Williamson
511 16th Street - Suite 700
Denver, CO 80202
  Attorneys for Appellants in No. 04-1435

_____


OPINION OF THE COURT

_____


STAPLETON, Circuit Judge:

Because we write only for the parties who are familiar with the facts, we do not restate them below. This appeal arises from alleged breaches in employment contracts between Appellees/Cross-Appellants The Variable Annuity Life Insurance Company and VALIC Financial Advisors, Inc., (collectively "VALIC" or "Appellees") and three of its previous employees, Appellants/Cross-Appellees, Gary Latuszewski, James Rogan and Reed Bigham (collectively "Appellants"). After resigning their positions with VALIC in

2

early 2003, Appellants filed suit in Pennsylvania state court. VALIC subsequently

removed to federal court and filed a motion for a preliminary injunction to enforce non-

compete and trade secrets provisions in the contracts. The District Court granted

VALIC's motion as to the trade secrets provision but denied it as to the non-compete

clause. Appellants timely appealed and VALIC cross-appealed. Appellants subsequently

filed a motion to compel arbitration and stay further proceedings. The District Court,

noting the existence of the cross appeals before us, entered an order on May 24, 2004,

denying the "motion to compel arbitration without prejudice and for a stay of all further

proceedings pending the disposition of the cross appeals in the Court of Appeals." App.

at 46. Appellants timely appealed this order. Jurisdiction was proper in District Court

pursuant to 28 U.S.C. § 1332. Jurisdiction, to the extent we have it, is proper in this

Court pursuant to 28 U.S.C. § 1292(a)(1). For the reasons that follow, we will dismiss

the appeal from the District Court's order of May 24, 2004, for want of jurisdiction and

the cross appeal as moot. With respect to the remaining appeal, we will reverse in part

and affirm in part.

I.

In reviewing a District Court's decision to grant a preliminary injunction, we

review the District Court's findings of fact for clear error, its conclusions of law *de novo*,

and its ultimate decision to grant the injunction for abuse of discretion. *Warner-Lambert

Co. v. Breathasure, Inc.*, 204 F.3d 87, 89 n. 1 (3d Cir. 2000). To successfully seek a

preliminary injunction, a party must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *KOS Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

We conclude that the District Court's decision to grant a preliminary injunction to protect Appellees' trade secrets, to the extent it foreclosed Appellants from using trade secret information to solicit business and service clients, is based on a correct understanding of the applicable law and is supported by the record. In particular, we conclude that (a) the District Court properly held that the information described in the preliminary injunction constituted protectable trade secrets[1]; and (b) the record supports the Court's conclusion that Appellees' "potential losses will be difficult to quantify in light of the potential loss of goodwill and disruption of customer relations that [Appellants'] conduct threatens." App. at 41.

We also conclude, however, that the record does not support the preliminary injunction to the extent that either paragraph (1) or (2) can be read to foreclose Appellants

---

[1]To prevail on a claim for misappropriation of trade secrets, the moving party must show: (1) the existence of a trade secret; (2) which was communicated in confidence to the employee; (3) and used by the employee (or former employee) in breach of that confidence; (4) to the detriment of the plaintiff. *Moore v. Kulicke & Soffa Indus., Inc.*, 318 F.3d 561, 566 (3d Cir. 2003). The District Court thoroughly evaluated and properly determined that VALIC satisfied these elements.

4

from servicing former clients of VALIC who have become Appellants' clients without being solicited by them using information currently supplied by those clients. Where a former client of Appellees without solicitation has asked Appellants to service its needs, that client can be expected to be willing to provide Appellants with the information they need to provide that service. Accordingly, the minimal risk that VALIC's trade secret information will be utilized in this context will not justify the burden imposed on Appellants and the clients' right of choice.

We will vacate the existing preliminary injunction and, the District Court, if it deems it appropriate, may enter a modified one consistent with this opinion.

## II.

Turning to the question of whether the District Court properly declined to preliminarily enjoin Appellants from violating the non-compete clause, we find Appellees' cross appeal to be moot. The District Court is no longer in a position to grant meaningful injunctive relief based on the non-compete clause.

The non-compete clause bars Appellants from competing with VALIC for one year after the end of their employment. *See, e.g.*, JA966 (Contract Provision 4.h.2). Appellants resigned from VALIC in early 2003. Two years have now passed since their resignations. Thus, even if we concluded that the District Court erred in declining to enjoin Appellants from violating the non-compete clause, that Court could not grant the relief sought because Appellants are no longer precluded from competing.

5

It is true, as Appellees stress, that the non-compete clause, Paragraph 4.h, contains the following provision: "If an injunction is issued to prevent violation of paragraph 4h, the injunction shall run one year from the date it is entered." This does not, however, authorize the entry of a one-year injunction at any point in time. An injunction is not "an injunction . . . issued to prevent a violation of paragraph 4h" unless the conduct it precludes comes within the scope of that paragraph – in the current context, unless the precluded competitive activity occurs within a year of the end of Appellants' employment. This provision was obviously intended, in the event litigation was required, to give VALIC a full year of protection so long as it secured an injunction within a year after the end of employment. It does not give VALIC a full year of protection if it did not secure an injunction for several years after the cessation of employment.[2]

III.

The District Court's order of May 24, 2004, is an interlocutory order. Accordingly, we have no final order jurisdiction under 28 U.S.C. § 1291. Although 9

---

[2]We have jurisdiction at this point to review only the denial of preliminary injunctive relief, and, as we have pointed out, the cross appeal is now moot. Accordingly, we hazard no prediction on how the Supreme Court of Pennsylvania would rule on the enforceability of a non-compete covenant in the situation here presented, i.e., where (a) the parties' initial contract for at will employment includes a reasonable covenant not to compete and (b) the parties thereafter agree to continue the at will employment on somewhat different terms no less favorable to the employee, including the same or a less restrictive covenant.

U.S.C. 16(a) provides that an appeal can be taken from an interlocutory order "refusing a stay of any action" pending arbitration or "denying a petition . . . to order arbitration to proceed," we find § 16(a) inapplicable to the May 24th order.

As we read the May 24th order, it does not address the merits of the arbitration issues and, accordingly, does not "deny" a stay or order directing arbitration within the meaning of § 16(a); rather, it defers decision on those matters until the case becomes active again in the District Court. Accordingly, we will leave the arbitration issues for resolution in the first instance by the District Court.[3]

---

[3]Before addressing the merits of the waiver issue raised by the Appellees, the District Court will want to consider whether that issue is for the Court or the arbitrator. *See Palcko v. Airbourne Express, Inc.*, 372 F.3d 588, 596-97 (3d Cir. 2004); *Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 12-15 (1st Cir. 2005); *Nat'l Am. Ins. Co. v. Transamerica Occidental Life Ins. Co.*, 328 F.3d 462 (8th Cir. 2003).

IV.

We will dismiss the appeal of the District Court's May 24, 2004, order for want of jurisdiction and the cross appeal from the District Court's denial of a preliminary injunction enforcing the non-compete clause will be dismissed as moot. We will vacate the preliminary injunction entered by the District Court and remand for further proceedings consistent with this opinion. Each party will bear its own costs.