Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★  ★  ★  ★  ★  ★

# OPINION

No. 04-10-00259-CV

**CMH HOMES, INC.**; Vanderbilt Mortgage and Finance Company, Inc.;
Bruce Robin Moore, Jr.,
Appellants

v.

Adam **PEREZ**,
Appellee

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. 09-339
Honorable Alex W. Gabert, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
               Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:   July 28, 2010

DISMISSED FOR LACK OF JURISDICTION

CMH Homes, Inc., Vanderbilt Mortgage and Finance, Inc., and Bruce Robin Moore, Jr., (hereinafter "CMH Homes"), appeal from an interlocutory order compelling arbitration and appointing an arbitrator. CMH Homes seeks reversal of the portion of the trial court's order appointing an arbitrator. In response, the appellee, Adam Perez, argues this court lacks jurisdiction over this appeal. We agree, and therefore, dismiss this appeal for lack of jurisdiction.

## BACKGROUND

CMH Homes sold a mobile home to Perez. The retail installment contract signed by CMH Homes and Perez provides for "arbitration by one arbitrator selected by Seller with Buyer's Consent." The arbitration agreement also states it is governed by the Federal Arbitration Act (FAA). Thereafter, Perez filed suit against CMH Homes, alleging violations of the Texas Deceptive Trade Practices Act and fraud. Perez later filed a motion asking the trial court to compel arbitration and appoint an arbitrator. CMH Homes opposed the motion to the extent it sought the appointment of an arbitrator.

The trial court held a hearing on the motion to compel arbitration. At the hearing, CMH Homes argued the appointment of an arbitrator by the trial court would be premature. Nevertheless, the trial court signed an order compelling arbitration and appointing a particular arbitrator. CMH Homes filed this interlocutory appeal pursuant to Section 51.016 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (Vernon 2009).

## DISCUSSION

A party may not appeal an interlocutory order unless authorized by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355, 359 (Tex. 2001). We construe statutes granting interlocutory appeals strictly because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007).

In 2009, the Texas Civil Practice and Remedies Code was amended to add Section 51.016. Under Section 51.016, in a matter subject to the FAA, a party may appeal from a "judgment or

interlocutory order" "under the same circumstances that an appeal from a federal district court's order or decision would be permitted by" Section 16 of the FAA. TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (Vernon 2009). Section 16 of the FAA, titled, "Appeals," provides:

(a) An appeal may be taken from–

(1) an order–

(A) refusing a stay of any action under section 3 of this title,

(B) denying a petition under section 4 of this title to order arbitration to proceed,

(C) denying an application under section 206 of this title to compel arbitration,

(D) confirming or denying confirmation of an award or partial award, or

(E) modifying, correcting, or vacating an award;

(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

(3) a final decision with respect to an arbitration that is subject to this title.

9 U.S.C. § 16(a).

Here, the parties agree their dispute is subject to arbitration under the FAA. Moreover, CMH Homes acknowledges the interlocutory order appealed from in this case, an order appointing a particular arbitrator, is not one of the orders expressly mentioned in Section 16(a)(1) of the FAA. CMH Homes argues, nevertheless, that this court has jurisdiction over this appeal because "at least four federal circuit courts have entertained interlocutory appeals from such orders." We disagree. As Perez correctly points out, three of the cases cited by CMH Homes never mention Section 16 of the FAA. *See ACEquip. Ltd. v. Am. Eng'g Corp.*, 315 F.3d 151, 155-57 (2d Cir. 2003); *Nat'l Am. Ins.*

*Co. v. Transamerica Occidental Life Ins. Co.*, 328 F.3d 462, 464-66 (8th Cir. 2003); *ATSA of Calif., Inc. v. Cont'l Ins. Co.*, 754 F.2d 1394, 1395-96 (9th Cir. 1985). And, as Perez further points out, the only case cited by CMH Homes that expressly mentions Section 16 appears to involve a final, rather than interlocutory, order. *See Universal Reins. Corp. v. Allstate Ins. Co.*, 16 F.3d 125, 127 (7th Cir. 1994). Having examined the cases cited by CMH Homes, we conclude that none of them demonstrates this court's jurisdiction under Section 51.016 of the Texas Civil Practice and Remedies Code.

We conclude we have no jurisdiction over this appeal. In addition, we deny CMH Homes's alternative request to construe its brief in this appeal as a petition for a writ of mandamus. This appeal is dismissed for lack of jurisdiction.

Karen Angelini, Justice