**Matter of the Arbitration between LOBO & CO., Inc., Petitioner,**
and
**PLYMOUTH NAVIGATION COMPANY OF MONROVIA and Northern Ships Agency, Inc., Respondents.**

United States District Court
S. D. New York.
Sept. 16, 1960.

Ehrich, Stock, Valicenti, Leighton & Holland, New York City, Robert J. Nicol, New York City, of counsel, for petitioner.

Poles, Tublin & Patestides, New York City, John G. Poles, New York City, Christ Stratakis, of counsel, for respondents.

DAWSON, District Judge.

This is a motion to compel arbitration brought under the provisions of 9 U.S.C. § 4.

There appears to be no dispute between the parties as to the existence of the arbitration agreement, the existence of an arbitrable dispute and the willingness of the parties to arbitrate that dispute. The only question which arises is as to the appointment of arbitrators.

The facts are simple. The dispute grows out of a claim for demurrage in connection with a steamship voyage. On June 23, 1960, Northern Ships Agency, Inc., sent to petitioner a letter which reads in part as follows:

> "Under these circumstances our invoice for demurrage is correct as presented and we kindly request that you forward to us your check for the difference of $2,415.37 by return mail.

> "We regret to advise that your failure to comply with the above will force us to refer the matter to immediate arbitration and to this effect we are nominating Captain George Stam, Room 1104 52 Broadway, New York 4, N. Y. as Owners' Arbitrator.

> "Kindly advise us how you wish to dispose of the matter in question.

> "We thank you and await your early reply."

Apparently, immediately after the receipt of this letter telephone conversations took place, and on July 13, 1960, a letter was sent to Northern Ships Agency, Inc., confirming an agreement to suspend the arbitration proceedings for two weeks. This letter reads as follows:

> "This is to confirm our telephone conversation of the other day whereby it was mutually agreed to sus-

pend for two weeks arbitration proceedings in connection with a dispute arising from subject Charter Party while we are investigating the matter."

The arbitration agreement provided that arbitration could be had by one party sending to the other party a written notice "specifying the name and address of the arbitrator chosen by the first moving party and a brief description of the disputes or differences which such party desires to put to arbitration." The agreement then provides:

" * * * If the other party shall not, by notice served upon the first moving party within twenty days of the service of such first notice * * appoint its arbitrator to arbitrate the dispute of differences specified, then the first moving party shall have the right without further notice to appoint a second arbitrator, who shall be a disinterested person, with precisely the same force and effect as if said second arbitrator had been appointed by the other party * * *."

The notice sent to the petitioner designating the dispute and appointing an arbitrator by Northern Ships Agency, Inc., was a proper notice of arbitration. The dispute arises around the question of whether petitioner, to whom this notice was addressed, appointed its arbitrator within the period provided in the agreement.

As has been pointed out, if there had been no extension of time petitioner would have had to appoint its arbitrator within twenty days after June 23, 1960. However, admittedly there was an extension of time. The extension is susceptible of two constructions; one construction would be that the extension was an extension of time for the appointment of an arbitrator; the other would be that it was an extension of time until July 27th of all matters in the arbitration proceedings, thereby giving petitioner twenty days from July 27th to appoint an arbitrator.

In any event petitioner on July 28, 1960 sent to Northern Ships Agency, Inc., a letter indicating their appointment of Mr. Walter S. Busch as arbitrator. This appointment was rejected by Northern Ships Agency by letter of July 29, 1960, giving as the basis for such rejection a "failure to timely nominate" an arbitrator and designating a Mr. Harry Hunter as the second member of the arbitration panel.

Northern Ships Agency, who sought the arbitration, has now named both arbitrators and under the arbitration agreement these two will have the right to appoint the third arbitrator. Petitioner, who is the other party to the arbitration, has not been allowed to appoint any arbitrator to the arbitration panel; and this solely on the ground that it was late in appointing its arbitrator.

It was admitted on the argument of the motion that if there was any delay in petitioner's naming its arbitrator, it was a delay of 24 hours, and that the most that can be claimed is that petitioner's arbitrator should have been named on July 27th instead of July 28th. However, even this argument is open to question, because there is some doubt as to the terms of the extension agreement, i. e., whether the extension was one for the appointment of an arbitrator or the proceedings of arbitration. If it was the latter, petitioner was within its rights in appointing an arbitrator on July 28th.

 Arbitration agreements are aimed at amicable determination of disputes with results which both parties will be willing to accept. Toward this end, it is desirable that the arbitration panel consist of arbitrators chosen by each of the parties. Where imbalance is unnecessarily effected the purpose and advantages of arbitration are defeated. To this end, and so far as possible, the panel should be one mutually acceptable. This determination should be made in advance to preclude subsequent useless and unnecessary litigation. Where a delay of one day in the appointment of an arbitrator has occurred in the case of parties who are in continual communication, such a delay is an immaterial variation of the terms of the contract

and should not be permitted to upset the basic and original intent of the arbitration plan.

This same matter was before the court in In re Utility Oil Corp., D.C.S.D.N.Y. 1934, 10 F.Supp. 678, where a provision almost identical with the arbitration agreement now before us was considered. Twenty-one days was allowed for the appointment of the second arbitrator and, upon neglect or refusal to appoint, the moving party had the right to have the issue heard before its own arbitrator, sitting alone. Judge Patterson, after finding that the delay was not due to caprice or perverseness, and that the parties were acting in good faith, said:

"* * * With all the arbitrators representing one party only, the party unrepresented would in some cases be at the mercy of his opponent and the result a foregone conclusion. In view of these possibilities, the fair and equitable interpretation of the agreement is that the parties intended this subordinate clause to operate where one party unreasonably neglected or refused to appoint its arbitrator within twenty-one days, and not in all manner of cases. If an appointment was made only two days late and the delay was due to mistake as to dates, few would be so carping as to contend that the appointment was ineffective and that the arbitrator appointed by the other party could decide the dispute alone. From this fact the fair conclusion is that the time of appointment was not regarded as of the essence under the arbitration clause." (Id., at page 681.)

This Court can see no reason for departing from the rule stated in Utility Oil Corp. The petition is granted. The arbitration board shall be made up of Captain George Stam and Mr. Walter S. Busch, who shall appoint an umpire pursuant to Clause 16 of the Charter Party (the arbitration agreement). This board shall, immediately thereafter, commence with the arbitration proceedings. So ordered.