### In re LOUISIANA PACIFIC CORP., Relator.

### No. 98–0017.

Supreme Court of Texas.

June 23, 1998.

Rehearing Overruled Aug. 25, 1998.

David M. Gunn, Russell S. Post, Roger Townsend, Houston, for Relator.

George Chandler, Darrin Mitchell Walker, Lufkin, for Respondent.

PER CURIAM.

This mandamus proceeding concerns an agreement to arbitrate that arises under the Federal Arbitration Act and provides that each party shall name an arbitrator and the two arbitrators will in turn name a third arbitrator. At issue is whether, after one of the parties withdrew its original designation of an arbitrator and named another individual, the trial court abused its discretion by disregarding that designation and appointing another arbitrator. We conclude that this was an abuse of discretion and conditionally issue writ of mandamus.

Relator Louisiana Pacific Corporation entered into a written contract with a group of landowners (Owners). The contract permits Louisiana Pacific to cut and remove timber from the Owners' property in return for a fee. The contract also contains an arbitration clause calling for dispute resolution by a three-member arbitration panel. Under the arbitration clause, each party to the dispute has the right to select an arbitrator, and those arbitrators are then to select "an independent consulting forester" as the third arbitrator.

After a dispute erupted under the contract, Louisiana Pacific notified the Owners that it desired to arbitrate. In response, the Owners filed suit, alleging breach of contract,

12. 931 S.W.2d at 370.

fraud, and violations of the Deceptive Trade Practices Act. Sixteen days later, Louisiana Pacific sent the Owners a letter that again requested arbitration and named Bill Book as its party arbitrator. However, Book subsequently entered an appearance as Louisiana Pacific's attorney of record in the lawsuit with the Owners. Louisiana Pacific filed a motion with the trial court seeking to stay the Owners' suit and to compel arbitration. The Owners responded by letter to Louisiana Pacific, stating that they opposed arbitration and, in the alternative, that they objected to Book serving as Louisiana Pacific's party arbitrator. The Owners named James Kroll as their party arbitrator in the event the matter was compelled to arbitration. The Owners subsequently raised these objections in the trial court.

After the Owners objected to Book, Louisiana Pacific voluntarily withdrew its designation and named James Juneau, an attorney who had no connection to the case, as its party arbitrator. The contract does not expressly address substitution of an arbitrator,[1] but the Owners contend that Louisiana Pacific had exercised its "one and only one chance" to designate an arbitrator and had forfeited that right when it named its counsel of record. The Owners requested that the trial court appoint a substitute arbitrator, arguing that the Federal Arbitration Act (FAA), 9 U.S.C. § 5 (1970), permitted the trial court to do so. The trial court granted that request and, by order dated September 19, 1997, appointed Robert Osborn, an attorney from Lufkin, to serve as Louisiana Pacific's party arbitrator.

Louisiana Pacific objected to this turn of events and unsuccessfully sought mandamus relief in the court of appeals. In this Court,

Louisiana Pacific requests that we issue mandamus directing the trial court to withdraw its order naming Robert Osborn as arbitrator and to allow Louisiana Pacific to select an arbitrator pursuant to the terms of the contract. Because the terms of the contract and the FAA allow Louisiana Pacific to choose an arbitrator, we conditionally issue the writ.

■ The parties do not dispute that this case is governed by the FAA, 9 U.S.C. §§ 1–16. Section 5 of the FAA provides as follows:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein; or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein.

9 U.S.C. § 5. By substituting Juneau for Book, the Owners argue that Louisiana Pacific either "fail[ed] to avail" itself of the selection process provided in the contract or that there was otherwise a "lapse in the naming of the arbitrator" thus permitting the trial court to name the substitute arbitrator under section 5. We do not agree.

Courts interpreting the "fail to avail" or "lapse" language of the FAA have generally

1. The arbitration provision provides in relevant part:

> In the event of a dispute or difference arising between Owners and Tenant as to any matter or thing arising out of or relating to this Agreement which cannot be settled by agreement of the parties, the dispute may be submitted to arbitration. If the Tenant desires arbitration, it shall serve upon Owners written notice of its desire, specifying the question or matter to be arbitrated and naming the arbitrator chosen by it. Within ten (10)days thereafter, the Owners of the majority interest in the Contract Lands shall name in writing to the Tenant the arbitra-

tor chosen by them. The Owners can indicate their desire for arbitration only by a decision of the Owners of a majority interest ... specifying the question or matter to arbitrated and naming the arbitrator chosen by them. Within ten (10) days thereafter, the Tenant shall name in writing the arbitrator chosen by it. In any event the two arbitrators so chosen shall name a third arbitrator who shall be an independent consulting forester and the three arbitrators so chosen shall proceed with arbitration. The decision of two of the three arbitrators shall be the decision of the arbitrators and shall be binding upon all parties hereto.

held that the section 5 substitution process should be invoked by the trial court only when some "mechanical breakdown in the arbitrator selection process" occurs or when "one of the parties refuses to comply, thereby delaying arbitration indefinitely." *See In re Salomon Inc.*, 68 F.3d 554, 560 (2d Cir. 1995). Neither situation is presented in this case. There has been no mechanical breakdown in the arbitration process or a refusal or failure by Louisiana Pacific to comply with the process. In *Marine Products Export Corp. v. M.T. Globe Galaxy*, 977 F.2d 66 (2d Cir.1992), the Second Circuit explained the general rule that, when one member of a three-person arbitration panel dies or is disqualified from serving before an award is rendered and the arbitration agreement does not anticipate that circumstance, the arbitration must commence anew with a full panel chosen in accordance with the parties' contractual agreement. *See id.* at 67–68. The parties, not the courts, choose the party arbitrators. *See id.* at 67. Similarly, the Ninth Circuit held in *ATSA of California, Inc. v. Continental Insurance Co.*, 702 F.2d 172 (9th Cir.1983), amended, 754 F.2d 1394 (9th Cir. 1985), that courts should not interfere with a party's contractual right to select an arbitrator. The contract in *ATSA* provided that each party would choose an arbitrator, and the party arbitrators were to choose the third member of the panel. If the two party arbitrators could not agree, the parties were to resort to the ICC rules regarding the appointment of the third member. The Ninth Circuit held that the district court erred in requiring the appointment of three neutral and disinterested arbitrators without first allowing the parties recourse to their own contractual method of selection. *See ATSA*, 754 F.2d at 1396.

The Owners rely on two inapposite cases, *Erving v. Virginia Squires Basketball Club*, 468 F.2d 1064 (2d Cir.1972), and *Third National Bank in Nashville v. WEDGE Group Inc.*, 749 F.Supp. 851 (M.D.Tenn.1990). In *Erving*, the parties' agreement provided for a single arbitrator, the Commissioner of the American Basketball Association. When the dispute arose, the Commissioner was disqualified from serving because his law firm represented one of the parties. The agreement did not contemplate that the parties would choose the arbitrator, and the court appointed a substitute. *See Erving*, 468 F.2d at 1067–68 & n. 2. Similarly, in *WEDGE*, the agreement called for the certified public accounting firm that represented one of the parties to arbitrate any dispute. The court concluded that the chosen arbitrator could not serve due to bias and appointed a substitute. *See WEDGE*, 749 F.Supp. at 853 n. 1, 855. Again, the agreement did not contemplate that the parties would each select an arbitrator.

Since its inception, one of the central purposes of the FAA has been to allow the parties to select their own arbitration panel if they choose to do so. "Toward this end, it is desirable that the arbitration panel consist of arbitrators chosen by each of the parties." *Lobo & Co. v. Plymouth Navigation Co.*, 187 F.Supp. 859, 860 (S.D.N.Y.1960); *see also New England Reinsurance Corp. v. Tennessee Ins. Co.*, 780 F.Supp. 73, 77 (D.Mass. 1991). The contract between Louisiana Pacific and the Owners specifically allows each party to select an arbitrator of its choice. The trial court should have permitted Louisiana Pacific to choose its party arbitrator after it withdrew Book in response to the Owners' objections. The trial court abused its discretion by naming a substitute arbitrator.

■ Louisiana Pacific has no adequate remedy by appeal because the FAA does not provide for review of the trial court's actions in state court. *Cf.* 9 U.S.C. § 10. Mandamus is appropriate in these circumstances. *See, e.g., Freis v. Canales*, 877 S.W.2d 283, 284 (Tex.1994); *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992).

\* \* \*

Accordingly, without hearing oral argument, the Court conditionally grants writ of mandamus directing the trial court to vacate the portion of its September 19, 1997 order that names Robert Osborn as Louisiana Pacific's party arbitrator. TEX.R.APP. P. 59.1. We are confident that the district court will

comply without delay. The writ will issue only if it does not.