NO. 12-02-00205-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


§
 



IN RE: NATIONAL HEALTH 

INSURANCE COMPANY,
§
 ORIGINAL PROCEEDING

RELATOR


§
 






 

 National Health Insurance Company ("NHIC") brings this petition for writ of mandamus
complaining of an order appointing an arbitrator. We conditionally grant the writ.


Background


 NHIC issued a health insurance policy ("the policy") to Frieda Beezley ("Beezley"). Beezley
submitted certain claims to NHIC for medical expenses, which were denied, and Beezley filed suit. 
The policy contains an arbitration provision, which provides, in part, as follows:


 Any dispute regarding claims processing or administration that has not been resolved after the
procedures described in the "Claims Appeal" Section of Part II.N. of this certificate have been
followed, shall be resolved through arbitration. Such Arbitration shall be administered under the rules
of the American Arbitration Association (AAA). One (1) arbitrator shall decide the dispute, unless
all parties agree to have three (3) arbitrators. Unless otherwise agreed by all parties, any arbitrator
must be a licensed attorney who has practiced life, health and accident insurance law for at least five
(5) years. Unless otherwise agreed by all parties, the arbitrator(s) shall be appointed from a list of
qualified persons provided by AAA....The Federal Arbitration Act shall govern the arbitration....


NHIC filed a motion to compel arbitration and abate the proceedings pending arbitration. 

 On November 9, 2001, the trial court conducted a hearing on NHIC's motion. (1) At the
hearing, Beezley's counsel informed the trial court that he had filed a motion for mediation and
stated his personal belief that "mediation is better than arbitration in any situation and this case has
not been mediated yet." Counsel then asked the trial court to order the case to mediation before
considering arbitration. NHIC argued that because it had demonstrated that the policy contains an
arbitration provision, the burden shifted to Beezley to show that the arbitration provision did not
apply. In response, Beezley's counsel proposed a compromise whereby Beezley would submit to
arbitration if the trial court appointed the arbitrator. 

 The trial judge stated that he did not see any provision in the policy that prohibits a court
from appointing the arbitrator. At the conclusion of the hearing, the judge informed counsel that his
preference was to appoint an arbitrator and that if the parties could agree to that, he would "just
appoint who I think will be fair and do the best job. But if AAA will submit me a list I'll look at that
and see if I know any of them or see who it is and go from there." He also urged counsel to submit
additional support for their respective arguments. NHIC subsequently furnished the trial court
additional written argument and authorities and a copy of the American Arbitration Association (the
"AAA") rules. NHIC also informed the trial court that, pursuant to AAA procedure, a list of
arbitrators would not be provided until one of the parties sent a notice of a request to arbitrate.

 On November 27, 2001, the trial court sent a letter notifying the parties that it was ordering
arbitration and appointing an arbitrator. NHIC received the curriculum vitae of the arbitrator
selected by the court, which indicates that the arbitrator practiced law for twenty-two years but does
not describe his areas of practice. On December 4, the trial court signed a written order. NHIC filed
objections to the arbitrator and asked the trial court to reconsider the appointment. Specifically,
NHIC requested that, in accordance with the arbitration provision, "any arbitrator selected by this
Court have at least five (5) years practice in life, health and accident insurance law, and be chosen
from a list of qualified arbitrators selected by the American Arbitration Association." NHIC also
requested an opportunity to adequately address the trial court concerning the mechanics of choosing
an arbitrator.

 The trial court conducted a hearing on January 11, 2002 and denied NHIC's motion. After
the trial court announced its ruling, counsel for NHIC again asserted that the appointed arbitrator
does not meet the qualifications stated in the arbitration provision and asked the court to specify its
reasoning for denying the motion to reconsider. The trial court stated that (1) there is a lack of
bargaining power between the two parties in regard to arbitration contracts; (2) the arbitrator
appointed by the court has practiced law for thirty-five years, "has probably tried more arson cases
and more fire cases than anybody within...this jurisdiction," and has arbitrated many cases; and (3)
the court and the parties should have "some say" in who the arbitrator is. NHIC restated its
objections to the appointed arbitrator and its intention to object to any arbitrator not on the AAA's
approved list. The trial court informed NHIC that "there are many many objections from litigants
about the AIA or whatever the organization is. It's too expensive. It's too cumbersome and there's
too close a connection with the insurance companies that pay most of their bills." 

 On February 8, 2002, the trial court signed an order denying NHIC's motion to reconsider. 
On August 1, 2002, NHIC filed its petition for writ of mandamus asking this court to order the trial
court to rescind and/or vacate the portion of the December 4, 2001 order appointing the arbitrator
and instead permitting the parties to use the appointment process provided in the arbitration
provision.


Availability of Mandamus


 Mandamus issues only to correct a clear abuse of discretion or the violation of a duty
imposed by law when there is no adequate remedy by appeal. In re Daisy Mfg. Co., 17 S.W.3d 654,
658 (Tex. 2000) (orig. proceeding). The arbitration provision in this case is governed by the Federal
Arbitration Act. Therefore, mandamus is the appropriate method of enforcement. In re Louisiana
Pacific Corp., 972 S.W.2d 63, 65 (Tex. 1998) (citing Freis v. Canales, 877 S.W.2d 283, 284 (Tex.
1994) and Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992)). Consequently, our only
question is whether the trial court abused its discretion in appointing an arbitrator. 

 A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law." Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992) (citing Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.
1985)). A trial court has no discretion in determining what the law is or applying the law to the facts. 
Walker, 827 S.W.2d at 840. Consequently, a clear failure by the trial court to analyze or apply the
law correctly constitutes an abuse of discretion. Id. 


 Delay in Filing Petition


 Beezley asserts that NHIC is not entitled to mandamus relief because it did not file its
petition until five months after the trial court signed the order denying NHIC's objections to the
appointed arbitrator. Because of the delay, Beezley urges us to deny the requested relief without
addressing the merits of NHIC's petition.

 Several courts have denied mandamus because of unreasonable delay in filing the petition. 
E.g., Rivercenter Associates v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993); International Awards,
Inc. v. Medina, 900 S.W.2d 934, 936 (Tex. App.- Amarillo 1995, orig. proceeding); Furr's
Supermarkets, Inc. v. Mulanax, 897 S.W.2d 442, 443 (Tex. App.- El Paso 1995, orig. proceeding). 
Here, NHIC attributes the delay to its inability to obtain certified copies of court documents to file
with its petition as required by rule 52.7 of the Texas Rules of Appellate Procedure. NHIC describes
its attempts, both by telephone calls and letters, to obtain the necessary documents from the district
clerk and supports its explanation with copies of its letters and an affidavit describing its telephone
calls. The materials furnished indicate that NHIC began requesting a copy of the record on February
7, 2002, which was one day before the trial court signed its order denying NHIC's motion to
reconsider appointment of the arbitrator. The clerk's certificate shows that the documents furnished
were certified on July 3, 2002. NHIC's petition was filed in this court on August 1, 2002. Based
upon our review of the materials submitted by NHIC, we conclude that NHIC has satisfactorily
explained its delay in seeking mandamus relief. Therefore, we hold that, in this case, delay alone
is not a sufficient reason to deny mandamus. We now turn to the merits of NHIC's petition.


Abuse of Discretion


 It is uncontroverted that the arbitration provision before us is binding, the Federal Arbitration
Act (the "Act") applies, and the trial court had no discretion to deny NHIC's motion to compel
arbitration. However, NHIC asserts that by appointing the arbitrator, the trial court "ignores three
clear and unambiguous provisions" contained in the arbitration provision: (1) that arbitration shall
be administered under the rules of the AAA; (2) that the arbitrator must have practiced life, health
and accident insurance law for at least five years; and (3) that the arbitrator shall be appointed from
a list of qualified persons provided by the AAA. 

 Beezley does not dispute NHIC's claim that the cited language is unambiguous, but first
contends that the arbitration provision does not state who is to appoint the arbitrator. Therefore, she
concludes, the trial court is authorized to appoint the arbitrator and did not abuse its discretion in
doing so. In support of her argument, Beezley relies on the Federal Arbitration Act, which provides
that if no method of naming or appointing an arbitrator is provided in the agreement to arbitrate, the
court shall, upon the application of a party to the controversy, designate and appoint an arbitrator. 
9 U.S.C.A. § 5 (West 1999). However, Beezley reads the arbitration provision too narrowly.

 Beezley correctly states that the provision does not expressly set out the procedure for
appointing an arbitrator. However, the provision states that arbitration must be "administered under
the rules of the American Arbitration Association." Rule R-14 of the AAA rules prescribes the
method for appointment of an arbitrator "[i]f the parties have not appointed an arbitrator and have
not provided any other method of appointment. . . ." Because the parties agreed that the AAA rules
govern the administration of the arbitration, they are bound by the procedure for appointing an
arbitrator stated in Rule R-14. See In re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 574 (Tex.
1999) (by agreeing to AAA rules, parties placed burden of initiating arbitration on claimant as
specified in rules); In re Nasr, 50 S.W.3d 23, 27 (Tex. App.- Beaumont 2001, orig. proceeding)
(same holding as Oakwood). 

 One of the central purposes of the Act is to allow the parties to select their own arbitration
panel. Louisiana Pacific, 972 S.W.2d at 65. Section 5 of the Act reflects this purpose and states
that "[i]f in the agreement provision be made for a method of naming or appointing an arbitrator or
arbitrators or an umpire, such method shall be followed...." 9 U.S.C.A. § 5 (emphasis added). The
arbitration provision before us, by the reference to the AAA rules, includes a method for appointing
an arbitrator. Therefore, after compelling arbitration, the trial court should have allowed the
selection of an arbitrator in accordance with those rules. 

 Arbitration is a matter of contract. Belmont Constructors, Inc. v. Lyondell Petrochemical
Co., 896 S.W.2d 352, 357 (Tex. App.- Houston [1st Dist.] 1995, no writ). By consent, the parties
to an arbitration agreement submit their controversy to arbitrators or judges they have voluntarily
chosen "in substitution for the tribunals provided by the ordinary processes of the law." Tipps, 842
S.W.2d at 268. Thus, where a party contractually agrees to arbitrate a dispute, it waives its right to
recourse in the courts. D. Wilson Constr. Co. v. McAllen Ind. Sch. Dist., 848 S.W.2d 226, 231
(Tex. App.- Corpus Christi 1992, writ dism'd w.o.j.). 

 Because arbitration is an alternative forum, the Federal Arbitration Act establishes boundaries
limiting judicial involvement in the process. Where, under circumstances such as those in the
underlying proceeding, a trial court modifies the agreement of the parties concerning the manner in
which the arbitrator is to be appointed, it transcends those boundaries. See 9 U.S.C.A. § 5. 
Arbitration agreements are interpreted by applying contract principles. Belmont, 896 S.W.2d at 357. 
A court cannot change such an agreement merely because it or one of the parties comes to dislike
its provisions or thinks that something else is needed in it. See Cross Timbers Oil Co. v. Exxon
Corp., 22 S.W.3d 24, 27 (Tex. App.- Amarillo 2000, no pet.) (applying contract principles to joint
operating agreement); Mewbourne Oil Co. v. Blackburn, 793 S.W.2d 735, 737 (Tex. App.-
Amarillo 1990, orig. proceeding) (parties having agreed upon qualifications of arbitrators, court
could not change or prescribe other qualifications). 

 The trial court concluded that the arbitration provision before it does not prohibit the
appointment of an arbitrator by a court. Such a conclusion is contrary to the plain language of the
provision when read in conjunction with the AAA rules and, more specifically, with Rule R-14. 
Therefore, in reaching its conclusion, the trial court failed to correctly analyze and apply the law. 


Conclusion


 Based upon our review of the record and applicable law, we hold that the trial court's
appointment of an arbitrator constitutes an abuse of discretion. (2) We further hold that mandamus is
the appropriate remedy for enforcing the arbitration provision. Therefore, we conditionally grant the
writ of mandamus and direct the trial court to vacate the portion of its Order on Defendant's Motion
to Compel Arbitration, signed on December 4, 2001, that appoints an arbitrator in the underlying
proceeding. We are confident that the trial court will act promptly to modify its order in accordance
with this opinion. The writ will issue only if it fails to do so.

 Writ conditionally granted.


 JIM WORTHEN 

 Justice



Opinion delivered October 23, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.
























(PUBLISH)




1. NHIC's motion was filed on June 21, 1999. However, the trial court declined to rule on the motion because
Beezley had instituted bankruptcy proceedings. The hearing on the motion was conducted after the conclusion of those
proceedings.
2. Because we conclude the trial court had no discretion to appoint the arbitrator, we do not address Beezley's
arguments relating to the appointed arbitrator's qualifications and the unavailability of the AAA list of qualified
arbitrators.