In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00263-CV


____________________



IN RE BRENT W. COON, P.C. and BRENT W. COON






Original Proceeding






MEMORANDUM OPINION


 Brent W. Coon, P.C. and Brent W. Coon (collectively "Coon") seek mandamus relief
against the trial court. The real parties in interest, Walter Umphrey, P.C., Bryan O. Blevins,
P.C., Paul F. Ferguson, Jr., P.C., Provost Umphrey Tobacco Partnership, Michael R. Ramsey,
P.C., and ProvostUmphrey Law Firm, L.L.P. (collectively "Umphrey") also request
mandamus relief in the event we were to grant relief to the relators. We deny both petitions. 
 Coon and Umphrey each petitioned the trial court for an order compelling arbitration
before the American Arbitration Association ("AAA"). Coon and Umphrey then entered into
a Rule 11 agreement memorialized in the trial court's order of March 20, 2008. See Tex. R.
Civ. P. 11. The "Agreed Order on Cross Motions to Compel and Stay Arbitration and
Related Issues" provided that their dispute would be arbitrated in American Arbitration
Association Case No. 70 194 Y 00687 07, selected one of several arbitration agreements
involving different parties upon which the arbitration would proceed, and set out a process
for selecting arbitrators. The agreed-to procedure differed from the AAA's previously
announced decision to appoint a single arbitrator "to make the determination of which
[arbitration] clause is applicable." The parties agreed that if the arbitrator selection process
failed, the dispute over arbitrator selection would be submitted to the trial court for
disposition. They also agreed that the arbitrator selection procedures ordered by the AAA
"are stayed and selection of the arbitrators shall be exclusively as provided in this Order." 

 Objecting to the arbitrator selected by Umphrey pursuant to this agreement, Coon filed
a "Motion to Dissolve Stay against American Arbitration Association and Alternative Motion
to Disqualify." Arguing that the selection of their appointed arbitrator could not be
challenged by Coon, Umphrey filed a combined response and alternative motion to disqualify
the arbitrator selected by Coon. On May 28, 2009, the trial court signed an interlocutory
order that denied Coon's motion to dissolve the stay against the AAA, denied Coon's motion
for an order for the AAA to decide disqualification issues, denied both motions to disqualify
the opposing party's arbitrators, and ordered the parties to select the third arbitrator in
accordance with the order on the Rule 11 agreement. (1) Coon asks this court to overrule the
trial court's order of May 28, 2009, lift the stay imposed by the agreed order of March 20,
2008, and order the AAA administrator to decide Coon's disqualification motion. In the
alternative, Coon asks this court to grant Coon's motion to disqualify the arbitrator selected
by Umphrey. Umphrey challenges our jurisdiction in this proceeding but seeks
disqualification of the arbitrator selected by Coon as alternative relief in a cross-petition for
writ of mandamus. 

 In this mandamus proceeding, Coon argues that AAA's Commercial Arbitration Rule
17(b) requires that Coon's objection to the arbitrator selected by Umphrey be determined by
the AAA. Coon entered into a Rule 11 agreement that departed in several material aspects
from the AAA procedures. In particular, Coon agreed that all issues regarding selection of
arbitrators shall be submitted to the trial court and that if the arbitrator selection process
failed, the dispute over arbitrator selection would be submitted to the trial court for
disposition. Coon also agreed to a stay of the arbitrator selection procedures ordered by the
AAA "and selection of the arbitrators shall be exclusively as provided in this Order." 
"Wherever possible, a trial court should give effect to agreements between the parties." In
re BP Prods. N. Am., Inc., 244 S.W.3d 840, 846 (Tex. 2008) (citing Johnson v. Swain, 787
S.W.2d 36, 38 (Tex. 1989)). Here, the parties agreed to a stay of AAA arbitrator-selection
procedures, agreed to their own arbitrator-selection procedure, and agreed to submit
arbitrator-selection issues to the trial court. That agreement was in writing, signed and filed
with the papers as part of the record. See Tex. R. Civ. P. 11. Coon has not shown that the
trial court has acted in a manner inconsistent with or beyond the scope of the parties'
agreement. We overrule issue one.

 In his second issue, Coon contends the trial court abused its discretion by denying
Coon's motion to disqualify the arbitrator selected by Umphrey. Coon contends the AAA
Commercial Rules require neutral arbitrators and argues the arbitrator should be disqualified
by the trial court because the arbitrator has a social and professional relationship with
Umphrey and Umphrey's counsel, has acted as an arbitrator in another arbitration proceeding
between Coon and Umphrey, and is a potential witness or person with special knowledge
because he acted as an arbitrator in the tobacco litigation underlying this fee dispute. 

 In their Rule 11 agreement, the parties applied the arbitration clause contained in their
contract with an effective date of May 14, 2001. That clause provided as follows: 

 14. Arbitration. All disputes shall be resolved by binding arbitration
proceedings brought under the auspices and rules of the American Arbitration
Association ("AAA") only to the extent that such rules are not inconsistent
with this Section 13. Arbitration awards resulting from such proceedings shall
be binding and specifically enforceable to the maximum extent permitted by
law. The Parties agree that a panel of three (3) arbitrators shall serve in the
arbitration proceedings. The three (3) arbitrators shall be selected as follows:
one (1) arbitrator shall be selected by Coon; one (1) arbitrator shall be selected
by the Partnership; and one (1) arbitrator shall be mutually agreed to by Coon
and the Partnership. If Coon and the Partnership cannot mutually agree on an
arbitrator, then such arbitrator shall be chosen by the two selected arbitrators.


 When Coon and Umphrey agreed to impose their own arbitrator selection procedure
on the AAA, their agreement specified the point at which the parties reserved the issue of
whether AAA rules would apply, as follows: 

 The parties agree that in the event the selection process fails, the party
appointed arbitrators are not effectively appointed, or if the two party-appointed arbitrators cannot agree on a third arbitrator or if the parties do not
agree on a third arbitrator the parties agree to submit these issues to the 58th
Judicial District Court for future disposition. Both parties reserve the right to
contend that, in the event a neutral must be appointed because the two
previously selected arbitrators cannot agree, such process is or is not governed
by the AAA Rules and may or may not be performed by the AAA organization
itself rather than the Court in this case and both parties reserve the right to
contend that said decision should be made by the Court. The parties reserve the
right to argue that the appropriate selection process could be or could not be
determined by the AAA Rules, by the Court, or by some other rules or method. 


 The dispute at issue in this proceeding arose in the process of appointing the party-selected arbitrators, not the third arbitrator. The parties agreed to submit such a dispute to
the trial court and reserved the issue of returning to the AAA rules and procedures only for
the selection of the third arbitrator.

 Coon also argues the trial court abused its discretion in failing to disqualify
Umphrey's chosen arbitrator. The mandamus record submitted by Coon does not show that
the arbitrator was clearly disqualified. Mandamus relief is proper only to correct a clear
abuse of discretion when there is no adequate remedy by appeal. In re Prudential Ins. Co.
of Am., 148 S.W.3d 124, 135-36 (Tex. 2004); Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992). Having reviewed the mandamus record, we conclude Coon has neither established
a clear abuse of discretion by the trial court nor demonstrated that the benefits of mandamus
review outweigh the detriments. We overrule issue two and deny the petition for writ of
mandamus.

 Umphrey requested mandamus relief only if we granted mandamus relief to Coon.
Because we denied the relief requested by Coon, we overrule Umphrey's conditional issue
as moot and deny the petition.

 PETITIONS DENIED.

 _______________________________

 CHARLES KREGER

 Justice


Submitted on August 6, 2009

Opinion Delivered September 24, 2009


Before McKeithen, C.J., Gaultney and Kreger, JJ.

DISSENTING OPINION


 The majority reads the Agreed Order as an agreement to submit the arbitrator-selection issues to the trial court. However, the Agreed Order states in part as follows:

 The parties reserve the right to argue that the appropriate selection process
could be or could not be determined by the AAA Rules, by the Court, or by
some other rules or method.

 . . . .


 Coon and the PUT Parties do not admit or agree through this Order that this
Court has or does not have jurisdiction to hear or decide any other issues in
arbitration.

 . . . .


 The parties reserve the right to challenge the Court's jurisdiction as not being
cognizable under applicable law.


Real parties in interest state in their brief that "[t]he Agreed Order preserved each party's
position on the question of who should decide future disputes over selection of the arbitrators
(the Court or the AAA), but the partie[s] agreed to present that question to the trial court for
determination." The question was presented to the trial court, and is presented to this Court
in this proceeding. That question, whether the trial court or the AAA may decide a dispute
over selection of the arbitrators, is not answered by the Agreed Order. 

 The Agreed Order does say that the parties agree the method for selecting the
arbitrators for the arbitration is to be governed by the arbitration agreement. The arbitration
agreement provides that the AAA Rules apply. The Rules provide for the AAA to resolve
arbitrator-selection issues. 

 A trial court's refusal to compel arbitration pursuant to a contract is an appealable
order under the Texas Arbitration Act, and is subject to mandamus if the agreement is
governed by the Federal Arbitration Act. The appeal and the mandamus proceeding here
request that the trial court be ordered to compel arbitration pursuant to the terms of the
arbitration agreement. When a court compels arbitration by arbitrators selected in a manner
differently from that provided in the arbitration agreement, the court is in effect refusing to
compel arbitration as agreed to by the parties. See In re Nat'l Health Ins. Co., 109 S.W.3d
552 (Tex. App.--Tyler 2002)(orig. proceeding); see also In re Farmpro, Inc., No. 06-05-00125-CV, 2005 Tex. App. LEXIS 9247 (Tex. App.--Texarkana Nov. 8, 2005) (orig.
proceeding). The trial court must allow the parties recourse to their own contractual method
of selection of the arbitrators. See In re La. Pac. Corp., 972 S.W.2d 63, 65 (Tex. 1998). The
parties did not agree to stay the arbitration indefinitely. The arbitration selection process has
not failed. See id. at 64-65. I respectfully dissent. 


 ____________________________

 DAVID GAULTNEY

 Justice


Dissent Delivered

September 24, 2009
1. In a separate opinion, we affirm the trial court's order denying Coon's motion to
dissolve the stay. See Brent Coon, P.C. v. Walter Umphrey, P.C., No. 09-09-00264-CV
(Tex. App.--Beaumont Sept. 24, 2009, no pet. h.) (mem. op.).