In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00264-CV


____________________



BRENT W. COON, P.C., and BRENT W. COON, Appellants/Cross-Appellees



V.



WALTER UMPHREY, P.C., BRYAN O. BLEVINS, P.C., 


PAUL F. FERGUSON, JR., P.C., PROVOST UMPHREY 


TOBACCO PARTNERSHIP, MICHAEL R. RAMSEY, P.C., and


PROVOSTUMPHREY LAW FIRM, L.L.P., Appellees/Cross-Appellants






On Appeal from the 58th District Court


Jefferson County, Texas


Trial Cause No. E-180,900






MEMORANDUM OPINION


 This accelerated appeal challenges several interlocutory rulings of the trial court in
a declaratory judgment action concerning an agreement to submit a dispute between lawyers
to binding arbitration through the American Arbitration Association ("AAA"). Appellants
Brent W. Coon, P.C. and Brent W. Coon (collectively "Coon") contend the trial court erred
by denying Coon's motion to dissolve an agreed stay against the AAA and contend that the
trial court erred in denying Coon's alternative motion to disqualify the arbitrator selected by
appellees Walter Umphrey, P.C., Bryan O. Blevins, P.C., Paul F. Ferguson, Jr., P.C., Provost
Umphrey Tobacco Partnership, Michael R. Ramsey, P.C., and ProvostUmphrey Law Firm,
L.L.P. (collectively "Umphrey"). Umphrey contends this Court lacks jurisdiction and in the
alternative contends the trial court erred in denying Umphrey's motion to disqualify the
arbitrator selected by Coon. We hold that our appellate jurisdiction extends only over part
of an order that addresses three motions, and find no reversible error in that part of the order. (1) 
Accordingly, we affirm that part of the trial court's order that denies a motion to dissolve the
stay.

 A Rule 11 agreement entered into by the parties provided that their dispute would be
arbitrated in AAA Case No. 70 194 Y 00687 07, and set out a process for selecting
arbitrators. See Tex. R. Civ. P. 11. Pursuant to the agreement of the parties, the trial court
signed an "Agreed Order on Cross Motions to Compel and Stay Arbitration and Related
Issues." This agreement was apparently motivated by the AAA's decision to appoint a single
arbitrator "to make the determination of which [arbitration] clause is applicable." The agreed
order set out the following process for selecting arbitrators: 

 A panel of three (3) arbitrators shall serve in the arbitration proceedings. The
three (3) arbitrators shall be selected as follows: one (1) arbitrator shall be
selected collectively by [Coon]; one (1) arbitrator shall be selected by the
ProvostUmphrey Tobacco Partnership; and one (1) arbitrator shall be
mutually agreed to by [Coon] and the ProvostUmphrey Tobacco Partnership. 
If [Coon] and the ProvostUmphrey Tobacco Partnership cannot mutually
agree on an arbitrator, then such arbitrator shall be chosen by the two selected
arbitrators. Each side will designate their respective arbitrator within thirty
(30) days of the signing of this Order. The third arbitrator will be selected
within thirty (30) days after the two party appointed arbitrators become
incumbent (i.e. after successful completion of the conflict process resulting in
both party appointed arbitrators being effectively appointed). If this procedure
fails, it shall be resolved as provided in this paragraph, subject to all above
reservations and the reservations contained in paragraph 11 of this Order. The
AAA is stayed from deciding the arbitrator selection issues unless permitted
by court order. All issues regarding selection of arbitrators shall be submitted
to the Court in the first instance for disposition subject to all reservations.


 Among its many provisions, the agreed order included the following: (1) the parties
agreed that Paragraph 14 of the Redemption and Withdrawal Agreement between Provost
Umphrey Tobacco Partnership and Brent W. Coon, effective May 14, 2001, is the valid
agreement to arbitrate; (2) Coon and Umphrey would arbitrate their disputes set forth in
Coon's demand for arbitration in AAA Case No. 70 194 Y 00687 07; (3) "the method of
selection of arbitrators in AAA No. 70 194 Y 00687 07 is governed by Paragraph 14
contained in the Coon Tobacco Withdrawal Agreement"; (4) "Section 14 of the Coon
Tobacco Withdrawal Agreement is the method for selecting the arbitrators for the arbitration
compelled hereunder"; (5) if the arbitrator selection process failed, the dispute over arbitrator
selection would be submitted to the trial court for disposition; (6) the parties agreed that the
arbitrator selection procedures ordered by the AAA "are stayed and selection of the
arbitrators shall be exclusively as provided in this Order"; (7) the trial court stayed "this and
all related proceedings as to the issues subject to the arbitration compelled by this Order" but
excepted from the stay "enforcement of these orders, applications for orders or process for
appointment of arbitrators, enforcement of the arbitration agreement, enforcement of this
order" and proceedings covered by subchapter D of Chapter 171, Civil Practice and
Remedies Code. 

 Among many issues reserved in the Rule 11 agreement, the agreed order reserved the
following: (1) "the right to argue that the appropriate selection process could be or could not
be determined by the AAA Rules, by the Court, or by some other rules or method"; (2) "[the]
right to contend that all other procedures related to the arbitration are or are not governed by
AAA Rules and are or are not subject to AAA jurisdiction"; (3) the right to "make
appropriate motions" and "any other dilatory, merits, substantive, discovery, or procedural
motion, objection, or plea that may be filed in the arbitration or this case, which does not
conflict with this order"; and (4) "the right to appeal any order of this Court, with the
exception of this Order." 

 Objecting to the arbitrator selected by Umphrey pursuant to this agreement, Coon filed
a "Motion to Dissolve Stay against American Arbitration Association and Alternative Motion
to Disqualify." Arguing that the selection of their appointed arbitrator could not be
challenged by Coon, Umphrey filed a combined response and alternative motion to disqualify
the arbitrator selected by Coon. On May 28, 2009, the trial court signed an interlocutory
order that denied Coon's motion to dissolve the stay against the AAA, denied Coon's motion
for an order for the AAA to decide disqualification issues, denied both motions to disqualify
the opposing party's arbitrators, and ordered the parties to select the third arbitrator in
accordance with the order on the Rule 11 agreement. Coon filed notice of accelerated
appeal. Umphrey challenges our jurisdiction but filed a notice of accelerated appeal in the
alternative, should this court find jurisdiction over Coon's appeal. 

 First, Umphrey argues that this appeal must be dismissed for lack of appellate
jurisdiction. A person may appeal from an interlocutory order of a district court that "grants
or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary
injunction as provided by Chapter 65[.]" Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4)
(Vernon 2008). Umphrey contends that section 171.098 is the sole source of appellate
review in arbitration proceedings. See id. § 171.098(a) (Vernon 2005). 

 The order Coon appeals in this proceeding denies "Defendants' Motion for order
dissolving the stay against AAA" and "Defendants' Motion for an order that the AAA decide
the issue of the disqualification of party-appointed arbitrators[.]" Umphrey argues these
rulings cannot be appealed pursuant to section 51.014(a)(4) because the order must be read
in connection with the earlier agreed order. Umphrey argues that the "limited stay" in the
agreed order is merely an order to "permit the arbitration to be conducted in an orderly
manner and to prevent improper interference or delay of the arbitration" and not an
injunction. Compare Tex. Civ. Prac. & Rem. Code Ann. § 171.086(a)(6) (Vernon 2005),
and Tex. Civ. Prac. & Rem. Code Ann. § 65.011 (Vernon 2008). The agreed order must
be considered in its context. On February 20, 2008, Umphrey filed an "Emergency Motion
for Temporary Restraining Order" against the AAA and the defendants. In this motion,
Umphrey invoked section 65.011 to support its claim for injunctive relief. Umphrey alleged
the AAA has no authority to determine "the way in which the arbitrators are selected to the
panel." Umphrey argued irreparable harm, a probable right to relief, lack of an adequate
remedy at law, and imminent harm. The agreed order was entered in the course of the
hearing on Umphrey's "petition for temporary injunction." The agreed order did grant a
"temporary injunction as provided by Chapter 65." See id. § 51.014(a)(4) (Vernon 2008).

 Umphrey also argues that the order denying the motion to dissolve the temporary
injunction is not appealable because the AAA was dismissed from the suit. Umphrey's
"Emergency Motion for Temporary Restraining Order" asked for injunctive relief from the
AAA. An amended petition subsequently filed by Umphrey named the AAA as a defendant. 
The agreed order included an injunction of the arbitrator selection process by the AAA.
There is no indication in this record that the AAA ever entered an appearance in this case. 
Reciting that "the AAA represented to the parties and this Court that 'whether or not the
AAA is a party to this action, the AAA will abide by any court order directing the manner
in which the underlying arbitration should, or should not, proceed'" and expressly "[b]ased
upon those representations," the trial court granted Umphrey's motion to dismiss "all causes
of action against the AAA[.]" Although Umphrey contends on appeal that "there is no stay
(no purported injunction) to dissolve," the trial court did not amend the agreed order to delete
the injunctive relief granted in that order. In the order denying Coon's motion to dissolve the
stay, the trial court ruled that the agreed order "remains in full force and effect." Because
the trial court denied a motion to dissolve a temporary injunction, that part of the trial court's
order of May 28, 2009, is appealable. Accordingly, we assert our appellate jurisdiction to
review Coon's contention that the trial court erred in refusing to dissolve the injunction. 

 Coon contends the trial court erred in denying Coon's motion to dissolve the stay
because Rule 17(b) of the AAA's Commercial Arbitration Rules provides that the AAA shall
determine whether the arbitrator should be disqualified. (2) In this case, however, the parties
altered the applicability of the Commercial Arbitration Rules in a binding Rule 11 agreement. 
See Tex. R. Civ. P. 11. Coon expressly agreed that if the "selection process fails" the parties
would "submit these issues to the 58th Judicial District Court for future disposition." 
"Wherever possible, a trial court should give effect to agreements between the parties." In
re BP Prods. N. Am., Inc., 244 S.W.3d 840, 846 (Tex. 2008) (citing Johnson v. Swain, 787
S.W.2d 36, 38 (Tex. 1989)). Here, the parties agreed to a stay of the AAA arbitrator-selection procedures, agreed to their own arbitrator-selection procedure, agreed to submit
arbitrator-selection issues to the trial court, and agreed that they would not appeal the order
that created the injunction. That agreement was in writing, signed and filed with the papers
as part of the record. See Tex. R. Civ. P. 11. Under these circumstances, the trial court did
not err in denying Coon's motion to dissolve the temporary injunction. 

 Both Coon and Umphrey raise appellate issues regarding the trial court's rulings on
their motions to disqualify the party-selected arbitrator. These rulings fall outside the scope
of section 51.014(a)(4). See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4). Coon cites
section 171.098(a)(1) of the Civil Practice and Remedies Code to support his argument that
interlocutory appellate relief is appropriate. See id. § 171.098(a)(1) (Vernon 2005). A
motion to disqualify an arbitrator does not equate to an order denying an application to
compel arbitration made under section 171.021 of the Civil Practice and Remedies Code. 
Id. § 171.021. In fact, the trial court did compel arbitration in AAA Case No. 70 194 Y
00687 07 in accordance with the parties' agreement. 

 We find no error in the trial court's order denying Coon's motion to dissolve the
temporary injunction. To the extent of our appellate jurisdiction over the issues raised in the
brief of the appellant, we overrule those issues and affirm the trial court's order denying
Coon's motion to dissolve a temporary injunction. Neither party has demonstrated the
presence of interlocutory appellate jurisdiction over the trial court's orders denying the
parties' motions to disqualify the party-selected arbitrators, and we express no opinion
thereon. 

 AFFIRMED.

 _______________________________

 CHARLES KREGER

 Justice


Submitted on August 6, 2009

Opinion Delivered September 24, 2009


Before McKeithen, C.J., Gaultney and Kreger, JJ.




DISSENTING OPINION


 The majority reads the Agreed Order as an agreement to submit the arbitrator-selection issues to the trial court. However, the Agreed Order states in part as follows:

 The parties reserve the right to argue that the appropriate selection process
could be or could not be determined by the AAA Rules, by the Court, or by
some other rules or method.

 . . . .


 Coon and the PUT Parties do not admit or agree through this Order that this
Court has or does not have jurisdiction to hear or decide any other issues in
arbitration.

 . . . .


 The parties reserve the right to challenge the Court's jurisdiction as not being
cognizable under applicable law.


Appellees state in their brief that "[t]he Agreed Order preserved each party's position on the
question of who should decide future disputes over selection of the arbitrators (the Court or
the AAA), but the partie[s] agreed to present that question to the trial court for
determination." The question was presented to the trial court, and is presented to this Court
in this proceeding. That question, whether the trial court or the AAA may decide a dispute
over selection of the arbitrators, is not answered by the Agreed Order. 

 The Agreed Order does say that the parties agree the method for selecting the
arbitrators for the arbitration is to be governed by the arbitration agreement. The arbitration
agreement provides that the AAA Rules apply. The Rules provide for the AAA to resolve
arbitrator-selection issues. 

 A trial court's refusal to compel arbitration pursuant to a contract is an appealable
order under the Texas Arbitration Act, and is subject to mandamus if the agreement is
governed by the Federal Arbitration Act. The appeal and the mandamus proceeding here
request that the trial court be ordered to compel arbitration pursuant to the terms of the
arbitration agreement. When a court compels arbitration by arbitrators selected in a manner
differently from that provided in the arbitration agreement, the court is in effect refusing to
compel arbitration as agreed to by the parties. See In re Nat'l Health Ins. Co., 109 S.W.3d
552 (Tex. App.--Tyler 2002)(orig. proceeding); see also In re Farmpro, Inc., No. 06-05-00125-CV, 2005 Tex. App. LEXIS 9247 (Tex. App.--Texarkana Nov. 8, 2005) (orig.
proceeding). The trial court must allow the parties recourse to their own contractual method
of selection of the arbitrators. See In re La. Pac. Corp., 972 S.W.2d 63, 65 (Tex. 1998). The
parties did not agree to stay the arbitration indefinitely. The arbitration selection process has
not failed. See id. at 64-65. I respectfully dissent. 


 ____________________________

 DAVID GAULTNEY

 Justice


Dissent Delivered

September 24, 2009
1. Both parties also seek mandamus relief in a companion proceeding In re Coon, No.
09-09-00263-CV (Tex. App.--Beaumont Sept. 24, 2009, orig. proceeding), which we address
in a separate opinion.
2. See AAA Commercial Arbitration Rule 17, available at http://www.adr.org/
commercial_arbitration.