

# NUMBER 13-09-00681-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE SERVICE CORPORATION INTERNATIONAL AND SCI TEXAS FUNERAL SERVICES, INC. D/B/A MAGIC VALLEY MEMORIAL GARDENS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Per Curiam Memorandum Opinion[1]

Relators, Service Corporation International and SCI Texas Funeral Services, Inc. d/b/a Magic Valley Memorial Gardens, filed a petition for writ of mandamus in the above cause on December 18, 2009. On December 28, 2009, relators filed a motion for expedited relief in connection with this petition for writ of mandamus, which motion was

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

granted by this Court the following day. The Court requested and received a response to the petition from the real parties in interest, Gabriel Serna and Yolanda Serna, and such response and a supplemental record were duly filed on January 19, 2010. On January 25, 2010, relators filed a reply in support of their petition for writ of mandamus.

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the reply thereto, is of the opinion that relators have not shown themselves entitled to the relief sought. *See* 9 U.S.C. § 5; *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 757 (Tex. 2001) (orig. proceeding) (stating that the "FAA permits the trial court to choose an alternate set of arbitrators"); *In re La. Pac. Corp.*, 972 S.W.2d 63, 64-65 (Tex. 1998) (orig. proceeding) ("Courts interpreting the "fail to avail" or "lapse" language of the FAA have generally held that the section 5 substitution process should be invoked by the trial court only when some "mechanical breakdown in the arbitrator selection process" occurs or when "one of the parties refuses to comply, thereby delaying arbitration indefinitely."); *see also Royce Homes, L.P. v. Bates*, No. 01-08-00121-CV, 2010 Tex. App. LEXIS 389, at *29-30 (Tex. App.–Houston [1st Dist.] Jan. 21, 2010, no pet. h.) (op.) ("Here, the trial court did not abuse its discretion by appointing an arbitrator because the record reflects that there was a mechanical breakdown in the process of appointing CAS as arbitrator."). *Cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 171.041(b) (Vernon 2005) (providing for the substitution of arbitrators where the agreed method of appointment of arbitrators "fails or cannot be followed" under the Texas Arbitration Act); *In re Brock Specialty Servs., Ltd.*, 286 S.W.3d 649, 656 (Tex. App.–Corpus Christi 2009, orig. proceeding) (applying

section 5 of the FAA to allow the trial court to choose an alternate arbitrator where the arbitrator specified by contract was no longer in existence).

Accordingly, the stay previously imposed by this Court is LIFTED. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). The petition for writ of mandamus is DENIED. *See id.* 52.8(a).

PER CURIAM

Delivered and filed the 17th
day of February, 2010.