NUMBER 13-10-00026-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE SERVICE CORPORATION INTERNATIONAL AND


SCI TEXAS FUNERAL SERVICES, INC.


D/B/A MONT META MEMORIAL PARK






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Benavides


Per Curiam Memorandum Opinion (1)



 Relators, Service Corporation International and SCI Texas Funeral Services, Inc.
d/b/a Mont Meta Memorial Park, filed a petition for writ of mandamus in the above cause
on January 26, 2010. The Court requested and received a response to the petition from
the real party in interest, Norma Linda Sandoval, and such response was duly filed on
February 18, 2010. The Court, having examined and fully considered the petition for writ
of mandamus and the response thereto, is of the opinion that relators have not shown
themselves entitled to the relief sought. See 9 U.S.C. § 5; In re FirstMerit Bank, N.A., 52
S.W.3d 749, 757 (Tex. 2001) (orig. proceeding) (stating that the "FAA permits the trial
court to choose an alternate set of arbitrators"); In re La. Pac. Corp., 972 S.W.2d 63, 64-65
(Tex. 1998) (orig. proceeding) ("Courts interpreting the "fail to avail" or "lapse" language of
the FAA have generally held that the section 5 substitution process should be invoked by
the trial court only when some "mechanical breakdown in the arbitrator selection process"
occurs or when "one of the parties refuses to comply, thereby delaying arbitration
indefinitely."); see also Royce Homes, L.P. v. Bates, No. 01-08-00121-CV, 2010 Tex. App.
LEXIS 389, at *29-30 (Tex. App.-Houston [1st Dist.] Jan. 21, 2010, no pet. h.) (op.) ("Here,
the trial court did not abuse its discretion by appointing an arbitrator because the record
reflects that there was a mechanical breakdown in the process of appointing CAS as
arbitrator."). Cf. Tex. Civ. Prac. & Rem. Code Ann. § 171.041(b) (Vernon 2005) (providing
for the substitution of arbitrators where the agreed method of appointment of arbitrators
"fails or cannot be followed" under the Texas Arbitration Act); In re Brock Specialty Servs.,
Ltd., 286 S.W.3d 649, 656 (Tex. App.-Corpus Christi 2009, orig. proceeding) (applying
section 5 of the FAA to allow the trial court to choose an alternate arbitrator where the
arbitrator specified by contract was no longer in existence). 

 Accordingly, the petition for writ of mandamus is DENIED. See Tex. R. App. P.
52.8(a). 


 PER CURIAM


Delivered and filed the 23rd 

day of February, 2010.

 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not
required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).